No. 2726

Second Circuit

---

## BRENT v. LOUISIANA STATE LIFE INSURANCE CO.

---

(June 28, 1927. Opinion and Decree.)
(July 25, 1927. Rehearing Refused.)
(October 3; 1927. Writs of Certiorari and Review Refused by Supreme Court.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Insurance—Par. 160.**
Where the defendant insurance company refuses to pay an annuity for more than thirty days after due, because of an *erroneous* construction of its policy and the law applicable thereto, the delay is due to defendant's fault and the penalties prescribed by Section 3 of Act No. 310 of 1910 of double the amount due and attorney's fees should be paid.

2. **Louisiana Digest—Attorneys—Par. 60.**
Where in a suit for attorney's fees as a penalty prescribed by Section 3 of Act No. 310 of 1910 regarding payment of insurance, the court had personal knowledge of services rendered by counsel, the court can fix a fee without hearing testimony.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Charles M. Brent against Louisiana State Life Insurance Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. M. Pyburn, J. F. Hardin, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellant.

ODOM, J.   On November 15, 1923, the defendant, Louisiana State Life Insurance Company, issued to Charles N. Brent, the plaintiff, a policy of insurance which provided, among other things, that in case the assured became totally disabled during the life of the policy he should receive an annuity of $50.00 per month. The assured became totally disabled on April 18, 1925. Due proof of such disability was promptly made out and filed with the company on June 1, 1925, which proof was satisfactory to the company and approved.

The company failed to make any monthly payment to the assured.

This suit was filed on January 15, 1926, the assured claiming not only the monthly payments of $50.00 from the time he became disabled but claiming an additional sum of $50.00 per month as penalty for the company's failure to make payment promptly as provided in Act No. 310 of 1910. He also claimed reasonable attorney's fees.

The lower court gave judgment in favor of the plaintiff for indemnity at $50.00 per month from July 1, 1925, and a like amount as penalty for defendant's failure to make the payments promptly, and also attorney's fees in the sum of $150.00.

The defendant appealed.

### OPINION

Defendant admits its liability for the monthly annuity as awarded by the court, but denies liability for the penalty claimed and inflicted by the court.

So that the only question presented on the appeal is whether the defendant is liable for the penalties, including attorney's fees.

Section 2 of Act No. 310 of 1910, which applies in this case, reads as follows:

"That payment by such companies to the assured shall not be delayed for a longer period than thirty days from due notice and proof of disability, without just and reasonable grounds such as to put a reasonable and prudent business man on his guard."

Section 3 of the same act reads as follows:

"That the insurance company guilty of such delay in payment, unless upon just and reasonable grounds, shall pay to the assured, as a penalty, double the amount due under the terms of the policy or contract, during the period of delay, with attorney's fees to be determined by the tribunal before whom the suit is instituted."

Admitting the receipt by the company of due notice and proof of disability on June 1, 1925, and its failure to make the monthly payments under the policy, counsel for defendant say that it had "just and reasonable ground" for its refusal to make the payments in that plaintiff was demanding more than was due him.

The question whether the making of a demand by the assured for more than was due would be just and reasonable ground under the act for the company to refuse to make the payments due under the policy

need not be decided in this case, because the company's refusal to make the payments was not based upon that ground.

It is true that plaintiff did demand that he be paid the annuity from the date he was totally disabled, whereas the lower court held that, under the terms of the policy construed in connection with the act above referred to, the annuity began thirty days after June 1, 1925, when the proof of disability was received by the company, but the record establishes beyond question that defendant's ground for refusal to make payments was not that plaintiff demanded that the annuities begin on the date of his disability instead of thirty days after proof thereof was received by it but upon the ground that it was due plaintiff nothing until November 15, 1926.

Certain correspondence attached to and made part of plaintiff's amended petition shows conclusively that defendant at no time made any serious complaint of the fact that plaintiff was demanding that payment of the annuity begin on April 18, 1925, the date on which he was disabled, instead of on July 1, 1925. The letters which are pertinent are as follows:

On November 19, 1925, Mr. Henderson, secretary of the defendant company, wrote the plaintiff, referring to this claim, and said, among other things:

"With reference to the annuity feature under this policy, wish to advise that this begins one year after the anniversary after the receipt of disability. This policy is for $5,000.00 and the annuity feature, should Mr. Brent be disabled one year from November 15, 1925, will be paid by the company at the rate of $50.00 per month."

It will therefore be seen that nearly six months after defendant had received proof of plaintiff's disability it had not only failed to pay the annuity benefits but claimed that none were due until November, 1926.

Following this letter, we find in the record a carbon copy of a letter written to the company by attorneys for the plaintiff in which the attorneys say that the correspondence with reference to this claim had been turned over to them and they say:

"Mr. Brent has been totally disabled and under treatment for tuberculosis at the Veterans' Hospital near Alexandria, Louisiana, since April 18, 1925.

"Under the terms of your policy, we understand that he is entitled to $50.00 per month from that date until the present time, and to $50.00 monthly thereafter."

Counsel then refer to the company's letter to Brent of November 19, 1925, in which it was stated that nothing was due under the policy until one year after November 15, 1925, and express the opinion that the company is in error on that point and close their letter with the request that it forward to them or to Mr. Brent its check covering these monthly payments from April 18, 1925, to the present time and monthly thereafter.

This letter was evidently handed to the present counsel for the defendant company, for we find a letter written by counsel to the attorneys for plaintiff, dated November 24, 1925, in which counsel for the company say, among other things:

"Therefore, beginning one year after November 15, 1925, the insured will be entitled to annuity of $50.00 per month, but is not entitled to annuity from the date of his total disability, April 18, 1925."

This suit was filed on January 15, 1926.

Defendant filed its answer on January 26, 1926, in which answer it is alleged:

"But it avers that the anniversary date of said policy referred to will be November 15, 1926, and until November 15, 1926, it owes to the said plaintiff nothing under said policy, and after that date is willing to pay him the said monthly annuity."

And, in paragraph 5 of its answer, it is stated:

"* * * but it did refuse to pay the annuity before November 15, 1926."

The lower court, on March 10, 1926, rendered judgment for plaintiff on the face of the pleadings, but on March 15, 1925, a new trial was granted in order, as we understand, to allow both sides to file amended pleadings. Two days later defendant filed answer to plaintiff's amended petition, reciting:

"* * * admits that the proof of disability was received by it on June 1st, 1925, and admits its liability and willingness to pay the said plaintiff the stipulated indemnity of $50.00 per month beginning July 1st, 1925, and in furtherance thereof it hereby tenders to the said plaintiff the sum of four hundred dollars ($400.00), being $50.00 per month from July 1st, 1925, until March 1st, 1926, and $80.62 premium paid by him and the sum of $10.00 covering costs paid by said plaintiff to the present time."

Between the date on which defendant filed its original answer and that of the filing of the second answer, it seems that its counsel reached the conclusion that its former position was erroneous and that whereas it had claimed all along that nothing was due plaintiff under the policy until November 15, 1926, it had reached the conclusion that its liability began on July 1, 1925.

But, having maintained through its officers and through counsel that it was due plaintiff nothing until November 15, 1926, and, for that reason, had refused to make payments to plaintiff, defendant is in no position now to refuse to pay the penalties which the law inflicts upon it for its refusal.

Never until after this suit was filed and after judgment was rendered against it did defendant admit that it was due plaintiff anything until after November 15, 1926, and never did it make any serious complaint that plaintiff was demanding the annuity from April 18, 1925, whereas in fact it was due only from July 1st, 1925.

Defendant's refusal to pay the annuity was due to what its counsel now admits was an erroneous construction of its policy and the law applicable thereto. The delays in payment of the annuities were therefore due to its fault and it follows necessarily that it must pay the penalties.

Defendant contends that the court erred in allowing attorney's fees.

Section 3 of Act No. 310 of 1910, quoted above, provides that in case the insurer is guilty of delay in the payment of indemnity without just and reasonable cause it shall pay as penalty double the amount due under the policy,

"with attorney's fees to be determined by the tribunal before whom the suit is instituted."

Defendant's refusal to pay the indemnity due under the policy made it necessary for plaintiff to bring suit, and under the letter of the law defendant must pay reasonable attorney's fees.

But counsel say that in no event should the court have allowed the fee without proof of the value of the services rendered; and in view of the fact that judgment was rendered on the pleadings and that no proof was demanded, the court erred in allowing a fee.

It is true that defendant denied in part plaintiff's allegations that a fee was due,

but the pleadings as a whole show that defendant is liable for the annuities as well as the penalties, which being true the court had the right, under the statute, to assess a fee for plaintiff's attorneys.

Counsel's point that the court could not assess a fee without proof of the value of the services rendered is not well taken.

There are circumstances under which the court would necessarily need some assistance in determining the amount due, but in a case like this where practically all the services were rendered under the eye of the court, it could fix a fee without hearing testimony. The court in this case had personal knowledge of what services had been rendered by counsel and even if testimony had been taken as to the value of the services the court would not have been bound by such testimony.

See cases cited in Volume 1, Louisiana Digest, pages 777 and 778, Section 60.

We think the fee of $150.00 allowed by the court adequate but not excessive.

Counsel for plaintiff moved in this court that the judgment be amended by increasing the amount of the fee allowed by the lower court, and also that it be amended so as to allow the annuities from April 18, 1925.

As already stated, we think the fee is adequate, and we state further that construing the policy in this case with Act No. 310 of 1910 we think the lower court correctly held that the indemnity began on July 1, 1925.

The judgment is affirmed.