LAND, J.
 

 Plaintiff sues on a policy of life insurance in the sum of $3,000 issued to him by the American National Insurance Company.
 

 The policy provides for payment of certain benefits in the event the assured should become totally and permanently disabled and has suffered such disability for a period of six months.
 

 The pertinent provision of the policy reads as follows: “In lieu of all other benefits provided herein, the Company * * * agrees to pay said person (the assured) * * * either in a single sum or in installments as herein provided, the amount payable in the event of said person’s death, subject to the following conditions and provisions:
 

 “That due proof is furnished the Company that said person has suffered * * * for a period of at least six months * * * total disablement,” etc.
 

 Plaintiff filed the present suit on April 23, 1930. Plaintiff alleges that the company recognized the disability on January 15, 1930, but refused to pay the amount due under the contract until July 15, 1930, and that, under Act 310 of 1910, the disability benefits became payable thirty days after January 15, 1930, the date the disability began.
 

 Plaintiff'Claims that under this act he is entitled, as a penalty for nonpayment by defendant, to double the amount due, namely, the sum of $6,000, and that, in addition to this sum, he is also entitled to recover the sum of $1,500 as reasonable attorney’s fees.
 

 Defendant company filed an exception of no cause of action, or, in the alternative, that the action is premature.
 

 The exception of prematurity was maintained, and plaintiff’s suit was dismissed in the lower court. Plaintiff has appealed.
 

 If is apparent that, under the terms of the contract, plaintiff was not entitled to payment until he had suffered total disablement for a period of at least six months. Only three months and eight days had elapsed after the date of the beginning of the disability, January 15, 1930, when plaintiff filed suit. ’ •
 

 We do not concur with plaintiff in the contention that, since the enactment of Act 310 of 1910, payment of disability benefits cannot be deferred for more than thirty days after the commencement of such disability, and that the six months’ period in defendant’s policy is invalid under the statute.
 

 
 *563
 
 Section 1 of Act 310 of 1910 provides: “That no * * * insurance company shall write policies * * * in this State, insuring any person against loss on account of sickness * * * wherein payment of or in-indemnifies shall be deferred longer than thirty days from written ndtice, and proof to the company, by the attending physician, in the form required by the terms of such policy * * *, informing the company of ■such sickness or accident, entitling the assured to payment under the terms of such policy or contract.”
 

 The statute clearly leaves it to the terms of the policy to say what kind of sickness ■or disability shall entitle the assured to payment. In the case at bar it is a six months’ illness. The purpose of Act 310 of 1910 was not to change the terms of the policy or contract, but to limit the delay for payment in •case of sickness and accident benefits to thirty days after the benefits are actually due under the terms of insurance policies.
 

 The benefits in the present case were not due until July 15, 1930. Plaintiff's suit was therefore premature and was properly dismissed.
 

 Judgment affirmed.