## JONES v. METROPOLITAN LIFE INS. CO.*
### No. 4828.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 2, 1934.

Jackson & Smith and Chas. L. Mayer, all of Shreveport, and Fraser & Carroll, of Many, for appellant.

Stephens & Gahagan, of Natchitoches, and Pickett & Moore, of Many, for appellee.

DREW, Judge.

Plaintiff is the holder of a certificate of insurance in the sum of $1,000, under a contract of group life insurance issued by the defendant to cover the employees of the Long-Bell Lumber Company. The following pertinent provisions are contained in the policy:

"Total and Permanent Disability Benefits:

"Under the terms of the Group policy mentioned on page one of this Certificate, any employee shall be considered totally and permanently disabled who furnishes due proof to the Company that, while insured thereunder and prior to his sixtieth birthday, he has become so disabled as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation or from performing any work for compensation or profit.

"Three months after receipt of such proof, the Metropolitan Life Insurance Company will pay to such employee, in lieu of the payment of the insurance under said policy at his death, equal monthly installments, the number and amount of such installments to depend upon the amount of insurance in force on the life of such employee at such date, as shown in the following table:

| Amount of Insurance | Number of Installments | Amount of each Installment |
|---|---|---|
| $ 500.00 | 20 | $25.52 |
| 750.00 | 30 | 25.88 |
| 1,000.00 | 40 | 26.25." |

On February 12, 1932, plaintiff was struck on the head by a falling limb from a tree and received a severe head injury which is admitted to have totally disabled him to perform manual labor.

On January 26, 1933, defendant received its first notice of the injury, and, on February 15, 1933, it received a statement of the claim and proof of the disability. On April 26, 1933, and monthly thereafter, defendant paid to plaintiff the sum of $26.25, as called for in the policy.

*Rehearing denied December 5, 1934.

On May 20, 1933, plaintiff filed this suit praying for judgment in the sum of $787.50, plus interest, and $250 as attorney's fees. The $787.50 is arrived at by plaintiff by adding fifteen months, at $26.25 per month, plus a penalty of 100 per cent. for failure to pay the installments within thirty days after the making of proof on February 15, 1933. Plaintiff contends that when this proof was made, all monthly installments from the date of the accident to the date of making proof, plus the two intervening months before payment was made, were due in a lump sum. He figured the number of months at fifteen, when in fact there had been only fourteen. His claim for penalties and attorney's fee is based on Act No. 310 of 1910.

Plaintiff further contends that the blow which he received on his head incapacitated him from making proof at an earlier date, due to the fact that his mind was not right until after an operation was performed, just prior to making proof. The only testimony offered on this point is by plaintiff himself and is not convincing, but to the contrary, it is contradictory. We therefore dismiss this last contention from the case as not proved.

Defendant contends that under the plain language of the contract of insurance, the making of proof of disability is a condition precedent, and nothing was due plaintiff until after proof was made, and then the monthly payments should begin.

On the trial below, it was agreed by the attorneys for both plaintiff and defendant that if attorney's fees were allowed, they should be fixed at $50. The lower court rendered judgment for the amount prayed for, including $250 as attorney's fees, and defendant has appealed.

■ The award of $250 as attorney's fees was erroneous and contrary to the stipulations of both counsel for plaintiff and defendant. The award for fifteen months back pay was likewise erroneous, as there were only fourteen months which had intervened between the time of the accident and the first payment made by defendant on April 26, 1933. The plain language of the contract, which is unambiguous, is that three months after receiving proof of disability, defendant will begin paying plaintiff equal monthly payments of $26.25 per month, and not after receiving the proof that it will pay for the time intervening from the date of the accident until the proof was made.

Courts cannot make contracts for litigants, and where the contract is one permitted by law and is clear and free from ambiguity, it will be enforced as written. There is nothing ambiguous in this contract, and therefore we find plaintiff is entitled to be paid monthly installments only from the date of the making proof of disability, which was February 15, 1933.

■ The first payment was made on April 26, 1933, or seventy days after the payment became due. Plaintiff contends that under Act No. 310 of 1910, the payment should have been made within thirty days, and failure to make same within thirty days after the payment became due, entitled him to the penalties provided by said Act No. 310. Defendant contends that under the wording of the contract, payment was not due until ninety days after the date of making proof, and cites in support of its contention the cases of Kiblinger v. American National Insurance Company, 171 La. 560, 131 So. 671, and Phillips v. Mutual Life Insurance Company (La. App.) 155 So. 487. The cited cases are easily differentiated from the case at bar and are not authority for defendant's contention in this case. In the Kiblinger Case the contract of insurance specifically provided that no payment was due unless the insured had suffered total disability for a period of at least six months. In the Phillips Case the contract specifically provided that no payment would be due or made for the first three months of total disability.

The contract in the case at bar has no similar provision and provides that payment will be made upon the furnishing of proof of disability, but gives to the insured the right to withhold payment for a period of three months.

Act No. 310 of 1910 provides in substance that no insurance company shall write policies insuring against loss on account of accident or sickness wherein payment is deferred longer than thirty days from notice and proof to the insurer informing the insurance company of the sickness or disability entitling the insured to payment under the terms of the policy. Defendant's contract gives itself three months within which to do that which Act No. 310 of 1910 says shall be done within thirty days, under penalty of paying double the amount, plus reasonable attorney's fees.

We are convinced the penalty should be inflicted and do not consider this a case to be governed by the rule in Massachusetts Protective Association v. Ferguson, 168 La. 271, 121 So. 863; or in Crowe v. Equitable Life Assurance Society, 179 La. 444, 154 So. 52, for it, to our minds, is evident that the con-

tract, in so far as the time for payment is concerned, is in direct conflict with Act No. 310 of 1910. Plaintiff is therefore entitled to judgment for two months pay from February 15, 1933, to April 15, 1933, at the rate of $26.25 per month, or $52.50, plus a penalty of $52.50, making a total of $105; and he is also entitled to attorney's fees in the sum of $50, as agreed on in the lower court by both plaintiff and defendant.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by reducing the award in favor of plaintiff in the sum of $787.50 to the sum of $105; and reducing the amount of attorney's fees from $250 to $50; and, as amended, the judgment of the lower court is affirmed; cost of appeal to be paid by appellee.