172 So. 426

**STERN v. NEW YORK LIFE INS. CO.**

No. 34061.

Jan. 4, 1937.

Rehearing Denied Feb. 1, 1937.

Louis H. Cooke, of New York City, and Montgomery & Montgomery, of New Orleans, for appellant.

Deutsch & Kerrigan & Burke, of New Orleans, for appellee.

LAND, Justice.

Plaintiff brought this suit against the New York Life Insurance Company to recover disability benefits under a policy issued to him by that company on November 5, 1916.

The face of the policy is $10,000 and the disability benefit $1,000 per year.

The policy contains the following provisions: Whenever the company receives due proof that the insured has become totally disabled and that such disability has then existed for not less than sixty days, one year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter.

On January 18, 1936, plaintiff, appellee, became totally disabled within the meaning of the policy and, on April 9, 1936, furnished due proof to the company on forms which it furnished that he was so disabled, and had been so disabled for more than sixty days. On April 27, 1936, the company admitted the existence of the disability within the terms of the policy; but refused to make the payment of the disability benefits, on the ground that the policy provisions deferring payment are valid.

Under the contention that Act No. 310 of 1910 requires such payments to begin not more than thirty days after receipt of proof, appellee, as plaintiff, filed this suit May 18, 1936, for the first annual payment, plus double indemnity and attorney's fees, under section 3 of that act. From a judgment rendered in plaintiff's favor in the district court, defendant insurance company has appealed.

1. The anniversary of the policy is November 5, 1936. Defendant insurance company contends that plaintiff was not entitled to payment of disability benefits until one year after the date of the anniversary of the policy, namely, November 5, 1937, or a year and seven months after proof of total disability had been furnished to the company by plaintiff.

The policy sued upon not only covers insurance on the life of the insured but also total and permanent disability benefits in case the insured becomes "wholly disabled by bodily injury or disease."

This policy comes clearly within the scope of Act No. 310 of 1910. "Providing the time of payment, of indemnities, by life, health and accident insurance companies, which issue policies or contracts of insurance, indemnifying the assured in cases of illness or accident, upon due notice to the company, of the disability of the assured; providing a penalty for the violation of the provisions of this Act; declaring conditions in such policies or

contracts, in violation of the provisions of this Act, null, void and of no effect, and fixing the jurisdiction for trial of violations of this Act."

It is provided in section 1 of the act: "That no life, health or accident insurance company shall write policies or contracts of insurance, in this State, insuring any person against loss on account of sickness or accident, *wherein payment of or indemnities shall be deferred longer than thirty days from written notice, and proof to the company,* by the attending physician, in the form required by the terms of such policy or contract of insurance, *informing the company of such sickness or accident,* entitling the assured to payment under the terms of such policy or contract."

Section 2 of the act provides: "That payment by such companies to the assured *shall not be delayed for a longer period than thirty days from due notice and proof of disability,* without just and reasonable grounds such as to put a reasonable and prudent business man on his guard."

Section 5 of the act provides: "That after notice provided for in Section 1 of this Act, shall have been given, it shall be the duty of the insurance company, *thereafter, to make payment every thirty days, to the assured during that part of the period of his disability, covered by such policy or contract of insurance during which the assured is entitled to recovery."* (Italics ours.)

It is immaterial, in our opinion, whether disability installments are payable by the year or by the month. Payment, under the terms of the policy, cannot be deferred longer than thirty days from written notice and proof to the company of such sickness or accident, and any condition to the contrary inserted in the policy is declared by the act to be null and void and of no effect.

In other words, the provisions of Act No. 310 of 1910 are written into and become part of all policies in this state providing for payment of indemnities by life, health, and accident insurance companies.

Act No. 310 of 1910 is a prohibitory law, not only as to the writing of policies contrary to the terms of the act, but also as to delay of payment of indemnities due under the policy for a longer period than thirty days from due notice and proof of disability. This statute is founded in a sound and salutary public policy, and its provisions must be respected and complied with by insurance companies writing policies in this state. In enacting Act No. 310 of 1910, the Legislature has attempted, by no means, to control the terms of the policy which must be complied with by the assured before the benefits of the insurance accrue.

As said by this court in Kiblinger v. American National Insurance Co., 171 La. 560, at page 563, 131 So. 671, 672: "The statute clearly leaves it to the terms of the policy to say what kind of sickness or disability shall entitle the assured to payment. In the case at bar it is a six months' illness. The purpose of Act 310 of 1910 was not to change the terms of the policy

or contract, but to limit the delay for payment in case of sickness and accident benefits to thirty days after the benefits are actually due under the terms of insurance policies."

In the cited case, this court upheld the provision in the policy requiring the disability to have existed at least six months, since that was merely a definition of what constituted disability within the meaning of that policy, just as the policy in the instant case defines the disability as one which must have existed for at least sixty days.

█ 2. Able counsel for defendant company takes the position that no penalty or attorney's fees should be awarded in this case, as it involves a question of the interpretation of the law which has not been passed upon by any court of this state previously.

In Brent v. Louisiana State Life Insurance Company, 7 La.App. 99, decided October 3, 1927, the company defended a suit for immediate payment of disability benefits, on the ground that, under the terms of the policy, the benefits were not payable until "one year after the anniversary of the policy next succeeding" receipt of proof of disability, the identical ground on which the defense rests in the instant case.

During the proceedings, the company abandoned this defense, and conceded that, under Act No. 310 of 1910, payment had to be made within thirty days; but it contended that, under section 3 of the act, its position had been based "upon just and reasonable grounds," and, accordingly, that it should not be required to pay the penalties denounced by statute.

The court held: "Defendant's refusal to pay the annuity was due to what its counsel now admits was an erroneous construction of its policy and the law applicable thereto. The delays in payment of the annuities were therefore due to its fault and it follows necessarily that it must pay the penalties."

The Brent Case was decided by the Court of Appeal for the Second Circuit nine years ago. This court affirmed that decision by refusing to grant a writ of certiorari or review. The interpretation of Act No. 310 of 1910 is not, therefore, a matter res nova, upon which the courts of this state had not passed; and the same position, when taken by defendant company in the instant case, can hardly be held to establish a valid defense.

█ Judgment in the lower court was rendered in favor of plaintiff, Benjamin H. Stern, and against defendant, New York Life Insurance Company, in the full sum of $2,750, with 5 per cent. per annum interest from April 11, 1936, until paid, and all costs. This judgment consists of $1,000, the first annual installment due under the policy; of $1,000 as a penalty, under section 3 of Act No. 310 of 1910; and of attorney's fees, under the same section, in the sum of $750.

Under the circumstances of the case, we feel that the attorney's fees are excessive and should be reduced to $350.

It is therefore ordered that the judgment appealed from be amended by reducing the attorney's fees from $750 to $350,

and that the judgment, as amended, be affirmed.

It is further ordered that plaintiff, appellee, pay the costs of appeal.