Plaintiff brings this suit for disability benefits under a policy of life insurance in the principal sum of $2,500 issued by the defendant company, claiming the penalty of double indemnity and attorney's fees under the provisions of Act No. 310 of 1910.
There is no dispute as to the facts, a stipulation having been filed by counsel for both parties in the court below, and the determination of the case rests upon the interpretation of the provisions of the contract of insurance bearing upon benefits in the event of total disability.
The pertinent clauses of the contract of insurance are set forth as follows:
 "Benefits in the Event of Total and Permanent Disability before Age 60.
"When such Benefits take Effect. — If the Insured, after payment of premiums for at least one full year, shall, before attaining the age of sixty years and provided all past due premiums have been duly paid and this Policy is in full force and effect, furnish due proof to the Company at its Home Office either (a) that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation, or (b) that he has suffered any of the following `Specified Disabilities' (which shall be considered total and permanent disabilities *Page 489 
hereunder), namely, the entire and irrecoverable loss of the sight of both eyes or the severance of both entire hands or of both entire feet or of one entire hand and one entire foot, the Company, upon receipt and approval of such proof, will grant the following benefits:
 "Benefits.
"1. Waiver of Premiums. — The Company will, during the continuance of such disability, waive payment of each premium as it becomes due, commencing with the first premium due after approval of said due proof. Any premium due prior to such approval by the Company must be paid in accordance with the terms of the Policy, but if due after receipt of said due proof, will, if paid, be refunded upon approval of such proof.
"2. Income to Insured. — The Company will, during the continuance of such disability, pay to the Insured a monthly income at the rate of ten dollars for each one thousand dollars of the face amount of this Policy (but not including dividend additions), the first such monthly payment being due on receipt of said due proof and subsequent payments on the first day of each calendar month thereafter, if the Insured be then living and such disability still continue. No income payments, however, will be made prior to approval of such proof by the Company as satisfactory, but upon such approval, whatever income payments shall have become due will then be paid and subsequent payments will be made when due. A proportionate part of the interest which will become due to the Company at the maturity of any loan on this Policy shall be withheld by the Company from each such income payment and shall be applied by the Company toward payment of such interest when it becomes due, an allowance of interest being made on all sums so withheld."
An amendment governing the presumption of disability in certain instances is set forth by way of endorsement on the back of the policy of insurance and reads as follows:
 "Disability Presumed Permanent After 90 Days Continuous Disability
"The clause in this policy entitled `Benefits in the Event of Total and Permanent Disability before Age 60' is hereby amended by the addition of the provision set forth hereunder and in no other respects:
"If the insured shall be totally disabled as defined in said clause for a continuous period of not less than ninety days, such disability shall, during its further continuance, be presumed to be permanent, but the Company shall have the right, anything in this policy to the contrary notwithstanding, to require proof of the continuance of such disability, during the first two years of such disability, at any time at which either a premium falls due or an income payment becomes payable, and after said two years, from time to time, but not oftener than once a year, as provided for in said clause in this policy."
An appendectomy was performed on the insured April 29, 1937, by reason whereof the insured was totally disabled until date of September 14, 1937, a period of four and one-half months. Notice of the insured's disability was first given to the defendant company on date of February 2, 1939.
The principal defenses are, first, that the requirement for the giving of notice by the insured is a condition precedent to the payment of disability benefits, and, second, that the policy requires payments of benefits only during the actual continuance of the disability. In other words, the insurer takes the position in this case that the obligation to give notice of disability rested upon the insured by virtue of the contract provisions, and that payment was due by the insurer only after receipt and approval of notice of disability, and only during the existence of such disability.
It is well settled that the provisions of the policy govern the contractual relations between the insurer and insured, and therefore the interpretation of these provisions with reference to particular benefits must control.
A careful analysis of the several clauses of the policy bearing upon disability benefits above quoted definitely establishes the fact that it was the intent of such provisions that the insured should become entitled to these benefits only upon and after the performance of an express condition, which was the furnishing of proof of the disability to the insurer. Upon receipt of such proof the right to benefits on the part of the insured, and the obligation to bestow the benefits upon the part of the insurer, became fixed and certain. In accordance with the clear provisions of the policy the benefits became due only upon the fulfillment of this condition.
After receipt of proof the benefits became payable upon approval, by the insurer, of *Page 490 
the proof submitted by the insured, and such payment was expressly made retroactive to the time of receipt of notice and proof.
These conclusions are inescapable under the very wording of the clauses referred to, particular attention being called to the following expressions:
"If the insured * * *, shall * * * furnish due proof to the Company * * * that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be * * *."
"* * * the first such monthly payment being due on receipt of said due proof. * * *."
"No income payments, however, will be made prior to approval of such proof by the Company as satisfactory, but upon such approval, whatever income payments shall have become due will then be paid and subsequent payments will be made when due."
We are firmly of the opinion that the requirement upon the insured to furnish proof is a condition precedent to the fixing of liability for benefits on the part of the insurer and the payment thereof.
In the case of Jones v. Metropolitan Life Insurance Co., La.App., 157 So. 147, this Court has already held that where a provision of a policy requires the furnishing of proof of disability the insurer is not liable for the payment of disability benefits for the time intervening between the occurrence of the disability and the making of proof.
The interpretation of provisions as to the giving of proof have been thoroughly considered in Compton v. Amicable Life Insurance Co., 182 La. 991, 162 So. 751, 105 A.L.R. 1087, and Hickman v. Pan-American Life Ins. Co., 186 La. 997, 173 So. 742.
In the above cases the general rule, as stated and reiterated by the Supreme Court, confirms the principle that the lapse of a policy for non-payment of premium, even after the occurrence and during the continuance of disability, is not prevented where proof of the disability has not been furnished in accordance with the provisions of the policy contract.
In the Hickman case attention is called to the case of Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 231, 76 L.Ed. 416. The following extract is quoted from the opinion of Mr. Justice Sutherland in the Bergholm case:
"Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of the payment of the premiums becoming due after the receipt of such proof."
In the case before us the provision with reference to the giving of proof appears to be almost identical with a similar provision of the policy which was under consideration by the Supreme Court of the United States in the Bergholm case.
A condition precedent is that character of condition which suspends the accrual and enforcement of an obligation until the occurrence of an event or the performance of an obligation specified in the contract.
The condition precedent, as interpreted under common law, is similar to the suspensive condition of the Civil Code of Louisiana.
There is no doubt in our minds as to the conclusion that the requirement upon the insured to furnish proof of disability constitutes a condition precedent, a suspensive condition. The burden was clearly upon the insured to perform the condition required by the policy, failing which performance there could be no liability or obligation upon the insurer to bestow the benefits provided.
However, since there is no time limit provided for the furnishing of proof, it follows that the insured might have complied at any time, and therefore it may be argued that the giving of proof some eighteen months, more or less, after the disability was sufficient to entitle the insured to the disability benefits. While we believe this argument may be sound, it is necessary that the contract between the parties, as evidenced by the policy, be further considered in order to fix the extent of liability, if any, upon the insurer.
The clear wording of the disability provisions of the policy disposes of this question, since these provisions require that the insured actually be disabled at the time of giving proof, and further provide that the benefits arising out of the disability features exist "during the continuance of such disability". *Page 491 
Where allowance of benefits is conditioned upon the actual existence of disability at the time of making proof, and payment is stipulated only during the period of continuance of the disability, there is no obligation upon the insurer where demand is made after the termination of the period of disability.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is judgment for the defendant rejecting plaintiff's demands and for all costs of both courts.