Plaintiff filed this suit against the defendant in which he seeks to recover $500.00 for medical expenses as a result of being injured in an automobile in which he was riding and which was covered by an insurance policy issued by the defendant to one William M. Harris, its owner and operator. In addition to the claim for medical expenses, plaintiff also asks for $500.00 as a penalty plus $500.00 attorney fees under and by virtue of Act No. 310 of the Louisiana Legislature for the year 1910 as a result of the alleged failure on the part of the defendant to timely pay his claim under the terms of said act.
Subsequent to the filing of this suit the defendant paid to the plaintiff the principal sum of $500.00, plus the accrued court costs, which payment was received and accepted by the plaintiff without prejudicing his claim for penalties and attorney fees.
The case was duly tried and the judge of the District Court rendered judgment in favor of the plaintiff and against the defendant in the full sum of $500.00 as a penalty, plus the additional sum of $200.00 as attorney fees with 5% per annum interest from date of judicial demand, together with costs of Court.
From this adverse judgment, the defendant has suspensively appealed.
Plaintiff has answered the appeal asking that the attorney fees be increased to $500.00 instead of $200.00, thereby increasing the judgment to the sum of $1000.00, and that as thus amended the judgment be affirmed. In the alternative, plaintiff-appellee prays that the judgment of the District Court be affirmed.
The same and sole issues presented to the Lower Court is now presented to this *Page 28 
Court, viz., whether the plaintiff is entitled to the penalty provided by Act No. 310 of the Legislature for the year 1910. The defendant resists on three grounds:
(1) "Defendant did not 'insure' plaintiff 'against loss on account of sickness or accident,' as Act 310 of 1910 contemplates. On the contrary, defendant is the automobile-liability insurer of William M. Harris, who is the only insured, or assured, named in the policy. The Louisiana Insurance Code (Act 195 of 1948) thus declares that policy to be 'vehicle insurance,' not 'health and accident insurance';
" 'Insurance against * * * any loss or liability resulting from or incident to ownership, maintenance, or use of any such (land) vehicle,' including 'insurance against accidental death or accidental injury to individuals, including the named insured, while in * * * a vehicle * * * if such insurance is issued as part of insurance on the vehicle, shall be deemed to be vehicle insurance.' (La.Ins. Code, Chap. 1, Sec. 1.06(3).
"That statutory definition is persuasive but not directory, for plaintiff was injured exactly four days before that code became effective. Act 310 of 1910 is re-enacted, with modifications, as Section 14.47 (p. 141) of that code, which is also immaterial to consideration of this case."
(2) "Only the 'assured' can demand the penalty provided by Act 310 of 1910. Defendant had issued no policy to plaintiff; and he was a stranger to the policy it had issued to William M. Harris until the accident made him the 'beneficiary' of the medical-payment stipulation of that policy * * *."
(3) "The record shows defendant's willingness to have promptly paid plaintiff's claim and that the delay resulted solely from the erroneous conclusion of the so-called 'independent adjusters' that only the named insured, Harris, could assert that claim * * *."
The policy in question in this case was issued by the insurance company on June 18th, 1948, effective July 25, 1948 for one year, and under the head of "Coverages" stated:
"A — Bodily Injury Liability, Limits of Liability, $10,000.00 each person, $20,000.00 each accident.
"B — Property Damage Liability, Limits of Liability $5000.00 each accident.
"C — Medical payments, Limits of Liability $500.00 each person."
Under the terms of the policy the defendant company agrees with the insured as. follows:
"1. Coverage A — Bodily Injury Liability. To pay on behalfof the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"Coverage B — Property Damage Liability. To pay on behalf ofthe insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"Coverage C — To pay all reasonable expenses incurred withinone year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury,sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission." (Emphasis ours.)
It will be noted that under Coverage A and Coverage B, the defendant agrees "to pay on behalf of the insured," while under Coverage C no such language is used and it seems clear that the defendant company under the latter coverage agreed "to pay all reasonable expenses (up to $500.00) for necessary medical * * * services to or for each person who sustains bodily injury, sickness or disease * * * by accident * * * while in the automobile." (Emphasis ours.) *Page 29 
This policy under "Conditions" provides:
"As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require."
"The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute admission of liability of the insured or, except hereunder, of the company."
It appears from the wording of the above quoted provisions of the policy that insofar as "Coverage C — Medical Payments" features are concerned it is one of accident insurance and provides for payment of all medical expenses not to Harris, the named assured, but to or for each person, etc., who sustained bodily injury, sickness or disease caused by accident. The named assured, Harris, has nothing to do with the enforcement of plaintiff's claim under Coverage C as shown by the above quoted provisions under the heading of "Conditions, Paragraph 9" as they require the injured person or someone on his behalf to give the company written proof of claim * * * and the injured person shall submit to physical examination * * * and the company may pay the injured person * * *.
This policy not only protects Harris against liability and property damage but it also contains a direct obligation on the part of the defendant company to each person who sustains bodily injury caused by accident while in the automobile and the medical payments coverage is not dependent upon any negligence on the part of the named assured. The plaintiff only has the right to enforce the obligation of the insurance company under the terms of the policy for any cause of action arising under Coverage C thereof. The defendant in its answer also "admits that the medical-payment provision of the policy gives plaintiff the right to sue defendant * * *." Since there is a direct obligation and agreement on the part of the insurance company to the plaintiff and the plaintiff is entitled to the benefits under "Coverage C" of the policy, regardless of the negligence of Harris, the named assured, and only the plaintiff has the right to enforce the provisions of the policy in question, it being admitted by the defendant that the policy gives the plaintiff a direct action against the defendant, then the plaintiff is to be considered as a recognized insured upon his being injured in an accident, in accordance with the terms of the policy. The record reveals that the defendant paid the plaintiff the principal amount called for by the policy.
We are, therefore, of the opinion that the defendant did insure plaintiff within the limits set forth in the policy and also as contemplated by Act No. 310 of 1910. The act of 1910 reads in part:
"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That no life, health or accident insurance company shall write policies or contracts of insurance, in this State, insuring any person against loss on account of sicknessor accident, wherein payment of or indemnities shall be deferred longer than thirty days from written notice, and proof to the company, by the attending physician, in the form required by the terms of such policy or contract of insurance, informing the company of such sickness or accident, entitling the assured to payment under the terms of such policy or contract. (Emphasis ours.)
"Section 2. Be it enacted, etc., That payment by such companies to the assured shall not be delayed for a longer period than thirty days from due notice and proof of disability, without just and reasonable grounds such as to put a reasonable and prudent business man on his guard.
"Section 3. Be it enacted, etc., That the insurance company guilty of such delay in payment, unless upon just and reasonable *Page 30 
grounds, shall pay to the assured, as a penalty, double the amount due under the terms of the policy or contract, during the period of delay, with attorney's fees to be determined by the tribunal before whom suit is instituted." Dart's Statutes, Sec. 4106 et seq.
The defendant in this case did issue a policy not only in favor of the named insured, Harris, but also in favor of any person injured as set forth under "Coverage C," which insures each person against loss (medical services) who sustains bodilyinjury, sickness or disease caused by accident. By its very terms and wording the policy in question is one that is specifically governed by Act No. 310 of 1910.
In the case of Jackson v. Unity Industrial Life Insurance Company, Inc., La. App., 142 So. 207, 209, the Court had a similar question before it but stated that it was unnecessary to consider this vexing though interesting question for reasons therein given. In this case, the Court said:
"Having reached the conclusion that payment of $61.50 is due in accordance with the stipulation in the policy which provides for payment of one-half the principal sum in the event of permanent total loss of both eyes, it becomes necessary that we give consideration to appellee's contention that double indemnity and attorney's fees should be awarded under Act No. 310 of 1910.
"It is contended by appellant that the insurance contract here involved is neither a sickness nor an accident policy, and that, therefore, the statute of 1910, which is effective only in cases involving policies 'insuring any person against loss on account of sickness or accident,' has no bearing or application whatever. We note that the act makes no reference whatever to life policies, and we note that the policy which is here involved is essentially one which insures the life of the assured and makes no mention of sickness or accident, except that in the case of total blindness, it provides for payment of one-half the face of the policy. Whether such a provision is sufficient to authorize a holding that the policy is one insuring against sickness or accident is an interesting question."
On page 211 of 142 So. of this decision, the Court made the following statement:
"Likewise the words of the Act of 1910 (No. 310) show an intention to include all companies of whatever kind, since no exception can be deemed to have been contemplated in the words 'no life, health or accident insurance company,' etc.
"It is apparent, then, that when each of the said statutes was passed, its framers intended that it should be applicable to industrial companies, as well as to all others."
Also, in the case of Stern v. New York Life Insurance Company, 186 La. 381, 172 So. 426, on page 428, which involved a life and disability policy, the Court stated:
"In other words, the provisions of Act No. 310 of 1910 are written into and become part of all policies in this state providing for payment of indemnities by life, health, and accident insurance companies.
"Act No. 310 of 1910 is a prohibitory law, not only as to the writing of policies contrary to the terms of the act, but also as to delay of payment of indemnities due under the policy for a longer period than thirty days from due notice and proof of disability. This statute is founded in a sound and salutary public policy, and its provisions must be respected and complied with by insurance companies writing policies in this state. In enacting Act No. 310 of 1910, the Legislature has attempted, by no means, to control the terms of the policy which must be complied with by the assured before the benefits of the insurance accrue."
In both the above cited cases, the Courts agreed that Act No. 310 of 1910 intended to include all companies of whatever kind and was written into and became a part of all policies in this State providing for payment of indemnities by life, health and accident insurance companies, and that is what we have in the case at bar. While it might be said that the policy which is involved herein is essentially one which insures the named insured, Harris, against public liability and property damage, the additional provision under "Coverage C" and the paragraph under the heading of "Conditions" in the policy applicable *Page 31 
to "Coverage C" bring the defendant company and the policy in question squarely under the terms and subject to all the provision of Act No. 310 of 1910, and also include the plaintiff as an insured when he sustained accidental injury for which medical treatment was necessary while a passenger in the automobile specifically covered by the defendant under the terms of its own policy.
The only remaining question to be decided is under the defendant's third contention that it had just and reasonable grounds for the delay in the payment to the plaintiff as this "delay resulted solely from the erroneous conclusion of the so-called 'independent adjusters' that only the named insured, Harris, could assert that claim." Such a contention was held to be without merit in the case of Brent v. Louisiana State Life Insurance Co., 7 La. App. 99. We, therefore, agree with the trial judge that there was no justification as contemplated by Act No. 310 of 1910 for the failure on the part of the defendant to pay plaintiff's claim for $500.00 medical expenses within the thirty days provided by the Act.
While counsel for plaintiff in his answer to the appeal has asked that the attorney fees be increased to $500.00, in argument and brief he frankly states that he believes a fee of $150.00 additional would be just, should the case be taken to the Supreme Court, an additional $150.00 for his services on appeal to that Court. An award of attorney fees may be increased in the appellate Court for the reason that the attorney is called upon to do additional work, and when the case is appealed to the Supreme Court, he has the additional expense of the printing of briefs and a trip to New Orleans. See Alexander v. Home Insurance Co. of New York, La. App., 142 So. 708, and Knowles v. Dixie Fire Insurance Co. of Greensboro, North Carolina, 177 La. 941, 149 So. 528. Taking into consideration the amount involved and the fact that the greater part of the work was done in the Lower Court and counsel is a resident of the City of Baton Rouge where the case was heard, we believe that an additional award in the amount of $50.00 would be sufficient.
It is, therefore, ordered that the judgment of the District Court be amended by allowing the sum of $250.00 as attorney fees and that in all other respects it is hereby affirmed.