WATKINS, Judge.
This is an action brought by Alvin Burt individually and as administrator of the succession of his late wife, Frances G. Burt, to recover insurance proceeds, penalties and attorney’s fees under two separate policies of insurance issued by the defendant, Combined Insurance Company of America, to Mrs. Burt. Combined denied there was coverage under either policy. The two policies that had been ’ssued by Combined to Mrs. Burt were fi; a disability policy for loss of time arising from illness (herein called “disability policy”) and second a cancer policy. The trial court permitted recovery under the disability policy in the sum of $2,487.12, but denied penalties and attorney’s fees for alleged delay in payment of proceeds under that policy. Recovery was not granted under the cancer policy. No reasons for judgment were assigned. From this judgment, plaintiff has appealed. We amend to permit recovery under the cancer policy, but in other respects affirm the judgment of the trial court.
The disability policy was issued on the basis of an application signed by Mrs. Burt on June 8, 1976, which had been filled in by Michael Lemoine, an agent for Combined, and then signed by Mrs. Burt. Mrs. Burt’s response to various questions propounded by the application (which was set out in questionnaire form) were entered by Mr. Lemoine in taking the application, which Mr. Lemoine solicited. In response to the question “Within the past five years have you had any medical advice or treatment for ... B. Heart Trouble, High Blood Pressure, Varicose Veins, Ulcers?’ Mrs. Burt is recorded on the application as having responded “No”. In fact, Mrs. Burt had been under treatment for hypertension since 1974 and was taking prescribed medication for that condition. Yet, after filing a disability claim in 1978, Mrs. Burt affirmed the correctness of the application of June 8, 1976.
The insurance company, Combined, refused to pay benefits under the disability policy although Mrs. Burt was hospitalized several times for hepatitis and complications arising therefrom, beginning in 1977, from which condition she subsequently died on May 22, 1978. The immediate cause of death is given by her attending physician, Dr. Wayne Le Maire, on the Certificate of Death as having been bacteremia. Together with obstructive jaundice, carcinoma colon is given as another significant condition on the Certificate of Death.
It is apparent that Mrs. Burt knew she was suffering from hypertension or high blood pressure when she filled out the application for the disability policy as testimony reveals she was taking prescribed medication for that condition. The insurance *1025 company, Combined, argued that the application contained a misrepresentation, and for that reason the disability policy was either void or did not afford coverage.
The applicable statute is LSA-R.S. 22:619 which reads as follows:
“A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with intent to deceive.
“B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.”
This statute was applied by this court as written in Knight v. Jefferson Standard Life Insurance Co., 205 So.2d 485 (La.App. 1st Cir.1967), which in that case found an absence of fraud on the part of the insured.
In the present case, the trial court obviously found absence of a fraudulent misrepresentation on the part of Mrs. Burt, as it permitted recovery under the disability policy. However, it did not award penalties or attorney’s fees. Combined neither appealed nor answered the appeal. Thus, with respect to the disability policy we decide only the failure of the trial court to award penalties and attorney’s fees.
Penalties and attorney’s fees under a health or accident policy are regulated by LSA-R.S. 22:657 A. which reads as follows:
“A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.”
Thus, failure to make payment within 30 days of written notice and proof of claim subjects the insurer to penalties and attorney’s fees, unless just and reasonable grounds exist to find no coverage, such as would put a reasonable and prudent businessman on guard. Here, as Mrs. Burt’s application was manifestly false in its denial that she suffered from hypertension, reasonable grounds existed for Combined to refuse payment under the policy, as it would appear to a reasonable and prudent businessman that there might be fraud, which would justidy a denial of coverage under the provisions of LSA-R.S. 22:619. We, therefore, affirm the denial of penalties and attorney’s fees under the disability policy.
With respect to the cancer policy, Mrs. Burt was admitted to the hospital for the last time for complications arising from hepatitis, from which resultant complications she died. It was not found that she had cancer of the colon until an autopsy was performed subsequent to death, where it was found she had in situ carcinoma of the colon, or a cancer of the colon which had not spread to other parts of the body. Her attending physician, Dr. Le Maire, tes *1026 tified by deposition the cancer of the colon was not a contributing cause of Mrs. Burt’s death.
Two provisions of the cancer policy which would seem to dictate diametrically opposite results as to coverage are found in that policy. The provisions designated Section A, Hospital Confinement Benefit and Section C, Post-Mortem Diagnosis, read, respectively as follows:
“if a Covered Person, as a result of Cancer covered by this policy, is confined overnight within a Hospital (herein defined) during the term of this policy, the Company will pay $100.00 per day while a Covered Person is so confined beginning with the first day for a period up to 500 days, up to a maximum lifetime benefit of . . $50,000”
% * * * ;}s %
“In the event positive diagnosis of Cancer is first made postmortem, the Company will assume liability for losses covered by this policy, limited to the period of time beginning with the date of the terminal admission to the Hospital.”
It would appear that Section A would deny coverage, for Mrs. Burt was not confined to the hospital as a result of cancer, as it was not known that she had that condition when she was admitted to the hospital and the cancer that she had was not a contributing cause of her death. Yet, under the portion of the policy headed PostMortem Diagnosis, it would appear that if cancer is discovered first postmortem, coverage is afforded, beginning with the date of terminal admission to the hospital.
It is a well known principle of law that a policy of insurance, when ambiguous, will be given the construction most favorable to the insured. Graham v. Equity National Life Ins. Co., 373 So.2d 988 (La.App. 3d Cir.1979), writ refused 376 So.2d 319, 320 (1979). Thus, we must interpret the cancer policy to provide for recovery if cancer is found to have been present in an autopsy although it was not the cause of the terminal admission to the hospital and was not a cause of death. To interpret the policy any other way would be to ignore that portion of the policy designated Post-Mortem Diagnosis and to construe the policy against the insured, which would be to violate the announced policy of this state and basic principles of fair play as well. We, therefore, find the cancer policy covers Mrs. Burt’s terminal stay in the hospital.
Mrs. Burt was last admitted to the hospital on April 9, 1978. She died on May 22, 1978. She was thus in the hospital a total of forty-three days, and recovery tinder the cancer policy must be awarded in the sum of $100 per day, or $4,300.00.
As a reasonable question existed as to the meaning of the cancer policy, the trial court obviously having been of a differing view from our own, we deny penalties and attorney’s fees under the cancer policy.
Accordingly, the judgment of. the trial court is amended to award Alvin Burt the sum of $6,787.12, and, as thus amended, affirmed, costs to be paid equally by Alvin Burt and Combined Insurance Company of America.
AMENDED AND AFFIRMED.