ARMSTRONG, Judge.
Defendant, Tenneco Oil Company (“Ten-neco”), appeals the trial court’s judgment awarding plaintiff, Melvin Jones, long term disability benefits, statutory penalties and attorney’s fees. As to the amount of the award, we find Tenneco’s appeal has merit.
Jones was an employee of Tenneco since March, 1967. On August 21, 1978, Jones was injured on the job when a wrench he was using slipped causing him to pull a shoulder muscle. He received worker’s compensation benefits from the date of his injury until March 27, 1984. At that time Tenneco terminated worker’s compensation payments.
Pursuant to a collective bargaining agreement between Tenneco and Jones’ labor union, Jones received benefits which supplemented the worker’s compensation benefits. On or about April 9, 1984, Jones’ supplemental contract benefits were converted by Tenneco from industrial accident payments to a schedule of long term disability (“LTD”) benefits in accord with a bargaining agreement on that topic between Tenneco and Jones’ union.
In August and September of 1984, Jones was directed by Tenneco to report back to work because a job had become available that he could perform, notwithstanding his limited medical restriction. After Jones failed to report, Tenneco terminated his employment on September 19, 1984. Upon his discharge, Jones’ LTD benefits were terminated.
Jones , sued Tenneco and its insurance carrier for termination of both worker’s compensation and LTD benefits and Jones prevailed. As to the worker’s compensation benefits, an appeal was taken in December 1986. In March 1987, Jones reached an agreement with Tenneco’s insurance carrier and a Partial Satisfaction of Judgment was filed. This appeal now involves only the claim for LTD benefits under the union contract.
In its first assignment of error, Ten-neco maintains that Jones had an obligation to arbitrate his claim for LTD benefits before proceeding to trial. Tenneco cites Art. 17, § 17.6(K) of the union conract which provides:
(k) The Company’s obligation hereunder as to any employee shall immediately *21 cease upon termination of his employment.
Because Jones’ LTD benefits were terminated as a result of his discharge and wrongful discharge is a subject that must be arbitrated before proceeding to trial, Tenneco insists that Jones is required to arbitrate his claim for LTD benefits.[1] We disagree. Tenneco was wrong in discontinuing Jones’ benefits when it terminated his employment.
In 1984, when Jones’ union negotiated the change of contractual benefits from industrial accident payments to LTD benefits, Tenneco negotiated with Sun Life of Canada (“Sun Life”) for a LTD insurance contract which would comply with its obligations under Art. 17, § 17.6 of the union contract.[2] Sun Life refused to undertake the obligation of paying benefits to employees who had already been injured and were then drawing industrial accident benefits, thus Tenneco assumed the responsibility of paying these employees. By oral agreement with these employees, including Jones, Tenneco promised to pay LTD benefits in the same manner and under the same terms and conditions as the Sun Life LTD policy would pay to subsequently injured workers. Therefore we must look to the Sun Life policy to determine the duration of LTD benefits which Tenneco owed Jones.
The Sun Life policy makes the following provisions for termination of individual coverage under the Sun Life LTD policy:
An employee ceases to be an insured on the earliest of the following dates:
1. the date of termination of employment,
2. the end of the period for which the last premium is paid to Sun Life for the employee’s insurance,
3. the date of termination of the policy.
The obligation to pay benefits, however, survives the termination of insurance coverage. The Sun Life policy provides:
Benefits After Policy Termination.
If the policy terminates after an employee has become totally disabled, then, during the uninterrupted continuance of his total disability such employee will be entitled to the benefits provided herein, except those provided in “SUCCESSIVE PERIODS OF TOTAL DISABILITY”, as though the policy had not terminated.
Jones’ period of disability has been continuous and uninterrupted, thus the exception for “SUCCESSIVE PERIODS OF TOTAL DISABILITY” is not applicable here. We find no error in the trial court’s holding that Tenneco’s obligation to pay LTD benefits continues after the termination of a recipient’s employment. Thus there is no requirement that Jones submit this claim to grievance and arbitration before proceeding to litigation.
In its second assignment of error, Tenneco argues that in calculating the amount of Jones’ award the trial court failed to deduct benefits received under the worker’s compensation statute from the supplemental LTD benefits that they contracted to pay. Tenneco filed a motion for a new trial in order to present this argu *22 ment in the trial court but it was denied. Jones maintains that this is an affirmative defense and is deemed waived because Ten-neco failed to raise it prior to judgment. La.C.C.P. Art. 1005.[3] This argument has no merit. Affirmative defenses address allegations in the petition, so Art. 1005 is only applicable to pleadings. Here, because Tenneco’s argument arose after judgment, it is not a defense at all. It is factual error to award Jones both worker’s compensation benefits and full LTD payments over the same time period.
A disabled employee is entitled to receive a “Monthly Indemnity” payment under the Sun Life policy, which states:
If an employee becomes totally disabled while insured under this Provision and his total disability existed continuously during the Elimination Period Sun Life will pay, during the uninterrupted continuance of his total disability, subject to LIMITATIONS AND EXCLUSIONS below, a benefit equal to the amount of Monthly Indemnity based on the insured earnings of the employee at the beginning of his Elimination Period.
The policy defines the amount of the Monthly Indemnity as follows:
“Classification Amount of Monthly Indemnity (to be reduced by Other Disability Income)
A. All Employees $2,000 or 60% of insured earnings, whichever is the lesser.”
The policy is explicit that the LTD payment is reduced by “other Disability Income,” including worker’s compensation benefits. Because the Sun Life policy requires integration of benefits thereunder with any other benefits received by the insured under the worker’s compensation statute, the trial court erred in compounding these benefits. The LTD award should be $210.40 a week ($340.00 weekly supplemental contract payments less $130.00 weekly worker’s compensation benefits) from September 19, 1984, until age 65, not $340.40 a week. A corresponding reduction of the LTD benefits in arrearage would be down to $21,250.40 from $34,340.40. As to this issue we amend the trial court’s judgment in accord with the evidence of record.
Finally, Tenneco claims the trial court erred in finding that it was arbitrary and capricious under La.R.S. 22.-657A in discontinuing Jones’ LTD benefits.[4] Ten-neco insists that it had “just and reasonable grounds” for discontinuing Jones’ LTD benefits and cites Burt v. Combined Ins. Co. of America, 428 So.2d 1023 (La.App. 1st Cir.1983) to support its argument that penalties and fees are not appropriate under these facts. Burt is distinguishable from the instant case.
In Burt a husband sued an insurance company for proceeds under a cancer and a disability policy upon the death of his wife. The Court of Appeals affirmed the trial court’s denial of penalties and attorney’s fees where there was some issue of fraud and reasonable grounds existed for the insurer to refuse payment under the disability policy. A person who is obligated to pay *23 disability benefits under either an insurance policy or under an agreement to provide such benefits to its employees, etc., may defend against a claim for penalties and attorney’s fees on the basis of a legitimate mistake of fact, but not upon its mistake of law or misconstruction of its policy or contract obligation. Compare Johnson v. State Farm Mutual Auto Insurance Company, 342 So.2d 664 (La.1977), with Stern v. New York Life Insurance Company 186 La. 381, 172 So. 426 (1937); O’Donovan v. Bankers Life & Casualty Company, 305 So.2d 643 (La.App. 3 Cir.1974); Dupre v. Hartford Life Insurance Company, 291 So.2d 824 (La.App. 3 Cir.1973); Matthews v. Costal States Life Insurance Co., 291 So.2d 475 (La.App. 3 Cir.1974); cf. Boudreaux v. Fireman’s Fund Insurance Company, 654 F.2d 447 (5 Cir.1981). Here Tenneco’s defense is based upon an error of construction and not an error of fact applying such construction. Therefore Tenneco is liable for penalties and attorney’s fees because its discontinuance of benefit payments upon such interpretation of the obligations of the labor contract and its oral agreement was arbitrary and capricious.
For the foregoing reasons, the trial court’s judgment awarding Jones long term disability benefits, statutory penalties and attorney’s fees is affirmed but we reduce the amount of the award to a weekly LTD payment of $210.40 from September 19, 1984, until age 65. The corresponding reduction of the LTD benefits in arrearage is $21,250.40.
AMENDED, AND AS AMENDED, AFFIRMED.
WILLIAMS, J., dissents with reasons.

. Article 12, Section 12.2, "Grievance Procedure”, provides the remedy to an employee who feels he was unjustly discharged:
"It is agreed that any employee or group of employees, may, individually, or through their representative, present grievances to the company. All disputes and grievances arising out of interpretation of this Agreement, including wages, hours of work, and other conditions of employment, discharges and disciplinary action, shall be settled in accordance with the following (grievance and arbitration) procedures: ...” (Emphasis added).

. § 17.6(d) provides:
(d) Duration of Benefits:
(1) Benefits will commence six (6) months after disability or when benefits under Article 17 of the Contract expire, whichever, is later.
(2) Benefits will be payable to age sixty-five (65) or death, whichever occurs first, during which time the employee is wholly and continuously disabled and
(i) for the first two (2) years the employee is eligible to receive LTD benefits during which time the employee is unable to perform his job in the refinery.
(ii) After two (2) years in which the employee had received LTD benefits, the employee is unable to perform any other job for which he is reasonably qualified.
(3) Benefit discontinuance as provided in the insurance company contract.

. Art. 1005. Affirmative defenses
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extin-guishment of the obligation in. any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.

. La.R.S. 22:657 A provides:
All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B. shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. * * *