SEVERSON, Administrator, Respondent, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY, Appellant.

*December 3—December 30, 1953.*

For the appellant there were briefs by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp.*

For the respondent there was a brief by *Burr Tarrant* and *Floren Hegge,* both of Whitehall, and *Fugina, Kostner,*

*Quinn & Ward* of Arcadia, and oral argument by *Mr. Tarrant* and *Mr. Laverne G. Kostner.*

BROADFOOT, J.   The defendant devotes several pages in its brief to the law relative to the construction of contracts and contends that the insurance policy should be construed in the light of the intention of the parties as ascertained from the entire policy.   It then contends that it was not its intention that medical expenses be paid twice to any injured person.

The plaintiff states that there is no ambiguity in the policy but that the different coverages afforded by the policy are divisible and severable.   The plaintiff quotes from 44 C. J. S., Insurance, p. 1284, sec. 336, as follows:

"A policy of insurance purporting to be entire may in fact be divisible and severable.   The question of divisibility or separability rests primarily on the intention of the parties deducible from the stipulations of the contract and the rules governing the ascertainment of that intention.   Where a policy grouping several risks incident to the ownership and operation of motor vehicles, such as those of accidental bodily injury or death occasioned to the operator, loss or damage from accident or injury suffered by some person caused by the vehicle and for which the owner is liable, loss or damage to property caused by the motor vehicle, and loss or damage to the vehicle by fire, accident, burglary, or theft, its legal effect is not different from the legal effect of separate policies each against one of the grouped risks. . . ."

Our attention was not directed to any Wisconsin case involving the severability or divisibility of insurance contracts.   However, we have found a few cases involving that question as they relate to fire insurance policies.   One such case is *Loomis v. Rockford Ins. Co.* 77 Wis. 87, 45 N. W. 813.   In that case the buildings and certain personal property situated on three different farms were insured against loss

by fire, each for a separate amount, by a policy stating the premium as a gross sum. One of the farms was sold and no report of the sale was made to the insurance company, in violation of the provision of the policy against changing the title to the insured property without the consent of the insurer. Another of the buildings was lost by fire. It was held that the contract was divisible and that the breach of contract as to one of the properties did not avoid the policy as to the remaining property. This case recognizes that separate coverages in one policy may be divisible and separable.

Medical-payment provisions in automobile insurance policies are relatively new and our attention is called to no case directly in point. In 8 Appleman, Insurance Law and Practice, p. 312, sec. 4896, appears the following:

"Many automobile liability policies now contain the so-called medical indorsement. Under this provision, any passenger or occupant of the insured's car who is injured in accident may recover medical expenses up to a stipulated amount, usually $500 per person. Since such recovery is completely independent of liability on the part of the insured, insurance under the medical-indorsement clause is closely akin to a personal-accident policy. Many companies, in view of their experience with the medical indorsement covering occupants of the insured automobile, have now extended the coverage of such clause to include the insured himself."

Relevant provisions of the policy are as follows:

"Insuring Agreements.

"I. Coverage A—Bodily Injury Liability.
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile.

"Coverage K—Medical Payments.

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing, and funeral services, to or for each person who sustains bodily injury, sickness, or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission.

"II. Defense, Settlement, Supplementary Payments.

"(d) pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident;

"Exclusions.

"This policy does not apply:

"(b) under coverages A, B, and K, to liability assumed by the insured under any contract or agreement;

"(d) under coverages A and K, to bodily injury to or sickness, disease, or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any Workmen's Compensation Law;

"Conditions.

"4. Limit of Liability—Coverage K.

"The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury, sickness, or disease, including death resulting therefrom, in any one accident. "10. . . . The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute admission of liability of the insured, or, except hereunder, of the company.

"17. Subrogation—Coverages A, B, C, D, E, F, G, H, and I.

"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the

insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

Louis C. Larson applied for a policy of insurance covering bodily-injury liability, property-damage liability, and medical payments. The defendant could have issued separate policies or it could have embraced the three coverages in one policy, but it chose to use a form of policy containing many other coverages, indicating therein which coverages applied and which did not apply. A separate premium was paid for the medical-payments coverage and the limits of liability were defined, the amount being $500 to each person under coverage K. Although contained in one policy, the coverages were divisible and separable, and coverage K must be construed as a separate contract. It is limited to the payment of reasonable expenses incurred within year from the date of the accident and the policy excludes payments under coverage K if the benefits thereunder are payable or required to be paid under any Workmen's Compensation Law. Other than that, it is an absolute agreement to assume or pay the medical payments. Had the defendant intended to exclude medical payments under coverage K if the same were paid or required to be paid under coverage A, it could easily have so provided.

The defendants contend that under par. 10 of the "Conditions," the company's liability could be satisfied by paying "the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury" and that its payment of the judgment was a compliance with that condition. It did not comply with this condition. After suit and after its liability was established under coverage A jointly with another defendant, it did make payment under the bodily-injury liability. Coverage K is a separate agreement to pay under

any circumstances, and is not confined to liability because of the negligent operation of the automobile. Had the defendant paid the injured person or the doctor or organization rendering the services, that would have been a payment under coverage K and there could not be a second recovery under the medical-payments provision of the policy.

The defendant also contends that under the exclusions it is provided that the policy does not apply under coverages A, B, and K to liability assumed by the insured under any contract or agreement, and that this indicates an intention on the part of the insurer and the insured that there was to be no direct obligation on the part of either to the injured person under any portion of the policy. By "the insured" the defendant is referring to Louis C. Larson. Mr. Larson did not in any way assume or make any contract or agreement relative to medical payments to or on behalf of Cora Severson. This exclusion is not applicable to the facts in this case.

The defendant next contends that there is no privity of contract between the plaintiff and the defendant Insurance Company, and therefore the plaintiff cannot sue the defendant directly. The plaintiff cites the case of *Tweeddale v. Tweeddale*, 116 Wis. 517, 526, 93 N. W. 440. That case holds:

"Without further discussion of the matter we adhere to the doctrine that where one person, for a consideration moving to him from another, promises to pay to a third person a sum of money, the law immediately operates upon the acts of the parties, establishing the essential of privity between the promisor and the third person requisite to binding contractual relations between them, resulting in the immediate establishment of a new relation of debtor and creditor, regardless of the relations of the third person to the immediate promisee in the transaction; that the liability is as binding between the promisor and the third person as it would

be if the consideration for the promise moved from the latter to the former and such promisor made the promise directly to such third person, regardless of whether the latter has any knowledge of the transaction at the time of its occurrence; that the liability being once created by the acts of the immediate parties to the transaction and the operation of the law thereon, neither one nor both of such parties can thereafter change the situation as regards the third person without his consent."

That rule has been followed in Wisconsin down to and including *In re Bratt,* 257 Wis. 447, 43 N. W. (2d) 817. The defendant calls attention to a paragraph of the opinion in the *Tweeddale Case, supra,* and states that insurance contracts were to be excluded from the general rule in the case. What was there stated referred to life insurance contracts and made comment as to the right of the insured to change the beneficiary named therein. What was there stated about insurance contracts has no application here.

That there is such privity of contract as to permit the plaintiff to sue the defendant under the policy is also demonstrated in a line of Wisconsin cases starting with *R. Connor Co. v. Aetna Indemnity Co.* 136 Wis. 13, 115 N. W. 811, wherein it is held that agreements by a contractor that he would pay for all labor and material that enter into the construction of a building are for the benefit of the materialmen and that it is not necessary that they be ascertained or known at the time the contract is entered into to entitle them to its benefits.

Finally the defendant contends that the plaintiff cannot bring two separate actions against the same defendant on the same contract without violating the rule against splitting causes of action, and cites *Werner v. Riemer,* 255 Wis. 386, 39 N. W. (2d) 457, 39 N. W. (2d) 917, and *Stern v. Riches,* 111 Wis. 591, 87 N. W. 555. Sec. 263.04, Stats., provides:

496

"*Uniting causes of action.* The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

It is apparent that the first action, being against the owners of two separate automobiles and against the insurer of one of them, was not an action in which the issue before us could be determined. The present issue affects only one of the three defendants in the first action. The defendant cites sec. 260.11, Stats., for the statement that the two cases could have been joined. However, the present case was not an alternative action but was upon a separate contract, and there has been no splitting of causes of action.

*By the Court.*—Judgment affirmed.