98 So.2d 310 (1957)
Mrs. Lena Hannle DISTEFANO, Tutrix, etc., Plaintiff-Appellant,
v.
DELTA FIRE & CASUALTY COMPANY, Defendant-Appellee.
No. 4504.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
*311 Durrett, Hardin & Hunter, Baton Rouge, for appellant.
Watson, Blanche, Fridge, Wilson, Posner & Thibaut, David W. Robinson, Baton Rouge, for appellee.
TATE, Judge.
While riding as a passenger in the panel truck of defendant's assured on February 19, 1956, Timmy Distefano, an unemancipated minor, received certain personal injuries. This suit is by his mother, individually for certain medical expenses occasioned by said injuries, and as the duly qualified tutrix of her son to recover on his behalf for his own personal injuries so sustained.
Both parties have appealed the trial court judgment. The sole issues before us relate to whether the damages for the personal injuries are either excessive or insufficient and to whether the plaintiff is entitled to recover under the liability clauses of defendant's policy certain medical expenses which had been previously paid by the defendant under the "medical payments" clause thereof.
The District Court awarded $2,000 for four certain inconspicuous minor scars on Timmy's face, the most noticeable of which is approximately two inches long on his right cheek and about one-sixteenth inch in width, although the general coloration thereof blends with the general skin color of the face. (Included in this amount was a nominal award for a mild cerebral concussion which did not produce unconsciousness at the time of the accident. Although allegedly Timmy suffers occasional headaches as a result thereof, his mother refused to have him examined by a neurosurgeon with reference to these alleged complaints.)
Much discretion must be left to the trier of fact in awards for personal injuries, which are of necessity somewhat arbitrary in nature, Article 1934(3), LSA-Civil Code, Duree v. State, La.App. 1 Cir., 96 So.2d 854; although, of course, such awards should be made with some degree of uniformity with those made for similar losses, allowing for the great variation in the facts and circumstances surrounding each injury, Higginbotham v. Frazier, La. App. 1 Cir., 92 So.2d 89.
*312 We are unable to say that the award of the District Court herein was either manifestly excessive or manifestly insufficient. Higginbotham v. Frazier, La.App. 1 Cir., 92 So.2d 89, Palmer v. Fidelity & Casualty Company of New York, La.App. 1 Cir., 91 So.2d 77, Wilson v. Yellow Cab Co., La.App. 2 Cir., 64 So.2d 463, Lovelace v. Gowan, La.App. 2 Cir., 52 So.2d 97, Middleton v. Rheem Mfg. Co., La.App. Orl., 34 So.2d 271.
Plaintiff further alleges that the trial court erred in denying recovery by her under the liability clauses of the policy issued by defendant of the sum of $95 previously paid by defendant under its medical payments clauses. This was done under the authority of Hawayek v. Simmons, La.App., 91 So.2d 49, wherein our brothers of the Orleans Court of Appeal denied recovery of medical expenses under both the medical payments clause and the liability clauses of a comprehensive personal liability policy on the ground that the injured party had the option of seeking recovery under either clause but not under both.
It does not appear that called to the attention of the court in the Hawayek case were the decisions construing the liability clauses in an automotive liability policy to constitute an entirely separate insuring agreement than that afforded by the medical payments clause thereof.
In Sims v. National Cas. Co., La.App. 1 Cir., 43 So.2d 26, we awarded penalties for the failure of the insured to make payments to the injured person under a medical payment clause. Therein we held the liability clauses to constitute an agreement to pay on behalf of the insured any tort liability arising from an accident, and the medical payments clause to be a contractual obligation directly to the person injured to pay medical expenses caused by accident while in the automobile irrespective of negligence on the part of the assured.
As we stated there, 43 So.2d 29, the standard automobile liability policy "not only protects Harris [the insured] against liability and property damage [under the liability clauses] but it also contains a direct obligation on the part of the defendant company to each person who sustains bodily injury caused by accident while in the automobile and the medical payments coverage is not dependent upon any negligence on the part of the named assured."[1]
See also 8 Appleman, Insurance Law & Practice Section 4896.
In Newman v. Fidelity Mut. Ins. Co., La. App. 1 Cir., 86 So.2d 404, 405, we held to the same effect in assessing penalties for the arbitrary failure of the insurer to make payments to the injured person under the medical payments clause, in which same suit the defendant insurer successfully resisted any liability whatsoever under the liability clauses.
In the converse of the present situation, "Where a separate premium was paid for *313 medical service coverage, it constituted a separate contract, and insurer could not set up as defense that it had previously paid amount of judgment recovered in tort action against insured", 8 Appleman, Insurance Law and Practice Section 4896 at p. 75, 1957 Pocket Parts, summarizing Severson v. Milwaukee Automobile Insurance Company, 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976. The annotation following this case, "Coverage, construction, and effect of medical payments and funeral expense clauses of liability policy" summarizes the few cases which have arisen on the question as holding that "Medical or funeral service clauses of this type have been said to constitute, in effect, separate accident insurance coverage," 42 A.L.R.2d 984. (The Severson case, above cited, concerned a recovery on behalf of a dead passenger against the liability insurer of the car in which he was riding, and recovery of the medical and funeral expenses was sustained under both liability and medical clauses.)
Defendant company insured the owner and driver of this panel truck against tort liability up to Twenty Thousand Dollars. For granting this coverage it received a premium. Under this coverage it could not be held liable unless its insured was liable in tort.
Under another clause of the policy, defendant Delta Fire & Casualty Company agreedfor a separate premium or a separate part of the premium paid for the entire policyto pay all bills for medical expenses (up to a certain limit which is in excess of the amount claimed here) for treatment of anyone injured while riding in the truck, irrespective of negligence on the part of the owner or driver of the truck.
Delta's responsibility under its liability coverage depended upon its insured being shown negligent; its responsibility under its Medical Payments Coverage had nothing to do with negligence at all.
A claim based on the liability feature of the policy is a tort claim; a claim based on the medical payments feature of the policy is a claim sounding in contract.
If Delta had two separate policies, one granting liability coverage and one granting Medical Payments Coverage, that would be no different than the situation as it presently exists where both coverages are furnished under the same policy.
We see no logical reason for the conclusion to be properly reached that Delta, having paid what it was obligated to pay under a contractual obligation, should be relieved of paying what it otherwise would have been obligated to pay under an obligation sounding in tort. We believe the situation is the same as would have been presented, if plaintiff herself had purchased a policy under which the medical bills incurred for the treatment of Timmy would have been paid. Could Delta properly have said that because other insurance was available under a contract to pay those bills, that Delta, insuring a third person responsible in tort, should thus receive a windfall and escape responsibility for the medical bills?
In DeRoode v. Jahncke Service, Inc., La. App. Orl., 52 So.2d 736, it was specifically held that the tortfeasor was not entitled to credit for the excess medical expenses paid an injured employee by his employees' insurer, holding, 52 So.2d 744, "that an injured party, or one who sustains a loss as the result of the negligence of another may recover the full amount of his loss from the tort-feasor, even though the loss is partially or wholly made good by an insurer." This case cited the "general rule" that "insurance in behalf of the injured person cannot be set up by the wrongdoer in mitigation of the loss," 52 So.2d 744 quoting from 25 C.J.S. Damages § 99, p. 647.[2] See 15 Am.Jur., Insurance, Section 201, p. 617.
*314 We are unable to see that any different legal result follows in the present instance because the premium for the medical payment clause, from which the direct contractual obligation of the insurer to or on behalf of the injured third party arises, was paid for by the tortfeasor rather than the third party himself. The purchase by the car owner of such protection for passengers in his car irrespective of the driver's negligence is a stipulation in favor of such third person. Article 1890, LSA-Civil Code, Cummings v. Albert, La.App. 1 Cir., 86 So. 2d 727, 731.
If, despite the clear wording of the insuring clauses, it should be contended that it was not the intention of the insurer which wrote and issued the policy to be subject to liability for the same medical expenses under both separate insuring agreements, and that such a result is not equitable, we can only observe as we did in McDowell v. National Sur. Corp., La.App., 1 Cir., 68 So.2d 189 (where similar arguments were made in attempting to exculpate the insurer from tort liability to its own named insured resulting from the negligence of an omnibus assured), that the insurer could easily have avoided this result by asserting appropriate language to that effect into the policy. 68 So.2d 195.
For the above and foregoing reasons, the judgment below in favor of the plaintiff in her capacity as tutrix of the minor child is affirmed; and it is amended to award her judgment individually for the stipulated medical expenses caused by bodily injuries sustained by the minor while a passenger in the insured automobile in the amount of $95 plus legal interest thereupon from date of judicial demand until paid. The judgment, as amended, is affirmed in all other respects.
Amended and affirmed.
NOTES
[1] This case sets out the insuring clauses as follows, 43 So.2d 28, Coverages A and B being the liability clauses and Coverage C the "medical payments" clause:

1. Coverage ABodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
Coverage BProperty Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.
Coverage CTo pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission."
[2] For instance, in Duree v. State, La.App. 1 Cir., 96 So.2d 854, we applied the well settled rule "that the amount of recovery for death by wrongful act is not diminished by the receipt of any of the beneficiaries of the action of money paid by an insurance company on a life or casualty insurance policy", 96 So.2d 866 (of course excluding the casualty insurance company insuring the wrongdoer).