**Willie Mae BARBOUR, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a corporation, Appellee.**

**No. 2133.**

Municipal Court of Appeals for the District of Columbia.

Argued March 17, 1958.

Decided June 3, 1958.

Ernest C. Raskauskas, Washington, D. C., for appellant.

Thomas J. Ahern, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Mary Benson had her car insured by appellee. The policy provided the usual coverage for liability for bodily injury and property damage, and in addition contained an agreement to make certain medical payments. Applicable portions of the medical payments clause are printed in the margin.[1] Separate premiums were paid for each coverage.

1. "*Coverage C—Medical Payments.* To pay reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, dental, ambulance, hospital, professional nursing and funeral services, and prosthetic devices, to or for each person who sustains bodily injury, caused by accident, while in or upon, entering into or alighting from, or through being struck by the automobile provided the automobile is being used by the named insured or his spouse if a resident of the same household, or with the permission of either.

\* \* \* \* \*

"*Limit of Liability*—Unless specifical-

Appellant's daughter Mary was injured while riding as a passenger in Mrs. Benson's car, which was being driven at the time by her son, Jerry Benson. Mary Barbour and appellant, as her next friend, brought suit against Mrs. Benson in the United States District Court for the District of Columbia. Appellee undertook the defense of the action and subsequently a consent judgment was entered for Mary Barbour in the sum of $3,661.12 and for appellant in the sum of $2,838.88, or a total judgment of $6,500. A release was executed by appellant in favor of Mrs. Benson, Jerry Benson, and appellee, discharging them "from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature," with respect to the accident in question.

Some three and one-half months later appellant brought this suit directly against appellee to recover under the medical payments coverage for $500 as the cost of certain medical expenses incurred by Mary Barbour. The defense relied mainly on the release. Trial by the court, sitting without a jury, resulted in judgment for appellee and this appeal followed.

Appellant's position is that the payment of $6,500 in the consent judgment was entirely under the bodily injury liability section of the insurance policy, and even though part of that judgment was compensation for her medical bills, nevertheless she is entitled to payment for them under the medical payments coverage section of the policy as well. Appellee has not disputed appellant's right to a "double recovery" here, and consequently for the purposes of our decision we shall assume,

without so holding, that the contention is well taken.[2]

Appellant argues that she has not yet received any compensation under the medical payments coverage; that when she executed the release she did not intend thereby to surrender any of her rights under the second coverage. On the other hand, appellee contends that a "double recovery" has already taken place in the consent judgment and that the release was a discharge of all claims, including any under the medical benefits clause. The trial court ruled in effect that the release comprehended a claim under the medical payments section and thus found for appellee.

It is our conclusion that the court's ruling was correct. There was evidence that at the time the consent judgment was paid and the release executed, the payment of the $6,500 was apportioned between the bodily injury coverage and the medical payments coverage, so that appellee paid $6,000 under the former section and $500 under the latter. This division appeared on the face of the check as follows:

| 100 | 1 | $6,000.00 |
|-----|---|-----------|
| 600 | 1 | $500.00   |

There was testimony that at the time the release was signed it was appellee's desire to dispose of all claims against it in the one case. Significant also is the fact that although appellee was not joined as a defendant in the first suit, it is named on the release. This present action, grounded on breach of contract, could only be brought against appellee directly,[3] and while the question here could not have been litigated in the original suit for want of a proper party defendant, this defect was corrected by placing appellee's name on the release.

ly amended in the declarations, the company's limit of liability shall not exceed $500 for all expenses incurred for each person who sustains bodily injury in any one accident."

2. The majority of the few cases which have considered the problem have established a right to a "double recovery." See Severson v. Milwaukee Auto. Ins. Co., 1953, 265 Wis. 488, 61 N.W.2d 872, 42

A.L.R.2d 976; Distefano v. Delta Fire & Casualty Company, La.App.1957, 98 So.2d 310; see also, annotation, 42 A.L.R.2d 983, 984-985; 8 Appleman, Insurance Law & Practice, § 4896 (1958 Supp.). Contra, see Hawayek v. Simmons, La.App.1956, 91 So.2d 49, 55-56.

3. See Severson v. Milwaukee Auto. Ins. Co., supra, note 2, 61 N.W.2d at 876.

Appellant relies on her "uncontradicted" testimony that she did not intend, by signing the release, to relinquish her claim, but this evidence created at most only a factual question as to the scope of the release. There was no evidence that the release was procured in any way through fraud or misrepresentation. Indeed, at the time the release was signed appellant was represented by competent counsel, and if she intended to preserve her rights under the medical payments provision, she should have inserted appropriate language to that effect. As we have indicated, there was substantial evidence to support the court's holding that the release included the instant claim, and accordingly the judgment must be

Affirmed.