EVAN SIEBERT, appellant, v. STATE FARM MUTUAL INSURANCE COMPANY, appellee.

No. 49945.

(Reported in 103 N.W.2d 757)

JUNE 14, 1960.

Hess & Peters, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

Norman A. Erbe, Attorney General, and Carl H. Pesch, Assistant Attorney General, both of Des Moines, for the Commissioner of Public Safety of the State of Iowa, amici curiae.

GARRETT, J.—The plaintiff was injured while riding as a passenger in an automobile owned and operated by Robert W. Chapman, who at the time of the accident was insured by the State Farm Mutual Insurance Company. An SR-21 Form was filed with the Commissioner of Public Safety of the State of Iowa, in order to comply with the requirements of the Financial Responsibility Law. The company admitted that the SR-21 Form has never been revoked, canceled or rescinded.

Plaintiff filed a law action against Chapman and the company through its attorneys filed an appearance. Another lawsuit had been filed by one Ford against Chapman for injuries received by him as a passenger in another vehicle involved in the same collision. That action was settled.

The company filed an answer in the case of Siebert vs. Chapman, and when the case was set for trial it filed a motion for continuance and a motion for leave to withdraw its appearance on the ground Chapman had refused to come to Iowa to attend the trial and had thereby breached the co-operation clause of his policy. Said motions were sustained.

The case of Siebert vs. Chapman resulted in a default judgment for plaintiff against Chapman for $7000. Being unable to collect the judgment, Siebert commenced this action which was submitted to the jury upon the question of whether the actions of Chapman were such as to allow the company to escape liability under the co-operation clause of its policy. The jury returned a verdict in favor of the company. Plaintiff filed a motion for judgment notwithstanding the verdict which was overruled and plaintiff has appealed.

I. Appellant raises no question as to the evidence and instructions. His first assignment of error is: "That the trial court erred in failing to sustain a motion for verdict in favor of this plaintiff at the close of all of the evidence for the reason that the plaintiff has plead and the Company has admitted that the Company has on file an SR-21 Form with the Commissioner of Public Safety which form acknowledges that there was a valid policy of insurance in force at the time of the accident, that the Company has not revoked or cancelled said filing and by virtue thereof has waived all policy defenses and has waived the right to disclaim liability on the ground of lack of co-operation by the insured."

A procedural question is raised at this point which controls our decision in this case. Rule 243, Iowa Rules of Civil Procedure, is: "Judgment notwithstanding verdict, etc. Any party may, on motion, have judgment in his favor despite an adverse verdict, or the jury's failure to return any verdict: * * * (b) If the movant was entitled to have a verdict directed for him at the close of all the evidence, and moved therefor, and the jury did not return such verdict, the court may then either grant a new trial or enter judgment as though it had directed a verdict for the movant."

Appellee in its argument states: "Appellant does not claim to have made a motion for directed verdict at the close of all of the evidence and, therefore, the motion for judgment notwithstanding the verdict shows on its face that it does not state sufficient grounds upon which it could be granted."

In Volume 3, Iowa Rules of Civil Procedure, Revised Edition, by Cook, page 24, under "Author's Comment" following rule 243, it is stated: "The right to present this motion under Rule 243(b) depends on having *properly* moved for a directed verdict. If the directed verdict was not asked on the proper ground; or rested on a point not properly presentable by such motion, it is the same as no directed verdict had been asked. In such cases, the motion permitted by this Rule cannot be made: Friedman v. Colonial Oil Co., 236 Iowa 140, 18 N.W.2d 196; Jensvold v. C. G. W. Ry., 236 Iowa 708, 18 N.W.2d 616."

"The purpose of Rule 243(b) is to give the trial court an opportunity to correct its error in failing to sustain a motion for directed verdict. Here the motion for judgment was based upon a proposition not raised in plaintiff's motion for directed verdict. The situation was the same as though plaintiff had made no motion for directed verdict. Under the circumstances plaintiff had no right to the remedy which Rule 243(b) affords to a litigant whose motion for directed verdict has been erroneously overruled." Friedman v. Colonial Oil Co., supra, page 145 of 236 Iowa.

"The right to a judgment notwithstanding verdict under Rule 243, Iowa Rules of Civil Procedure, is based upon the fact that the movant had moved for a verdict to which he was entitled. * * * not having been properly presented to the court on the motion to direct or the motion to withdraw, there is no basis for a judgment notwithstanding verdict and the same should have been overruled." Jensvold v. Chicago Great Western R. Co., supra, page 715 of 236 Iowa.

In Bokhoven v. Hull, 247 Iowa 604, 606, 75 N.W.2d 225, 226, we said: "Defendant's motion for judgment notwithstanding verdict, under rule 243, Rules of Civil Procedure, was overruled and he has appealed. Such an appeal is limited to questions raised in the motion for directed verdict and repeated in the motion for judgment notwithstanding verdict. Marxen v. Meredith, 246 Iowa 1173, 1177, 69 N.W.2d 399, 401."

If appellant moved for a directed verdict at the close of all the evidence the record should clearly show such fact. No such motion is shown. The trial court, in its ruling on the motion for judgment notwithstanding verdict, said: "The legal questions raised in Paragraphs 1 and 2 of said motion were orally argued to the court at the time of trial and prior to the reading of the instructions to the jury in said trial. The court dictated into the record the ruling on each of the legal propositions presented in this motion and gave reason for such ruling." It did not say the oral argument referred to related to a motion for directed verdict but rather indicated it related to the instructions.

In oral argument on this appeal appellant's counsel stated

he was reasonably certain a motion for directed verdict had been made but he was unable to produce any record of it and stated that the court reporter, although he had made a search through his notes, was unable to find any such motion reported therein.

Appellant having failed to show, on this appeal, that he moved for a directed verdict at the close of the evidence, the implication arises naturally that no such motion was made. In this situation the trial court had no alternative other than to overrule appellant's motion for judgment notwithstanding the verdict, and its order must be sustained.

II. Appellant's second assigned error is: "That the trial court erred in sustaining the defendant's motion to strike paragraph 15 of the plaintiff's petition as amended for the reason that the defendant waived its policy defense that the policy was voided on February 3, 1958, by making payment to this plaintiff of the sum of $123 on April 25, 1958, under one of the coverages afforded by this policy."

Paragraph 15 of the petition as amended alleged in substance that on April 25, 1958, after judgment in favor of plaintiff and against Chapman had been entered, and after execution on said judgment had been returned unsatisfied, appellee executed and delivered a draft payable to appellant and his attorney for $123 in payment of a claim made by appellant under Coverage C of Chapman's insurance policy and that in making said payment appellee waived the defense that Chapman had failed to co-operate in the defense of appellant's suit against him and that appellee was estopped to make such defense.

Appellee moved to strike paragraph 15 and its motion was sustained by the trial court in these words: "The court finds that the defendants' liability existed and has been fixed prior to the alleged breach of the policy by Robert W. Chapman and that the allegations of paragraph 15 of the plaintiff's petition are immaterial and the same is stricken; that the defendants' motion to strike be and the same is hereby sustained."

Appellee alleged in answer that the failure of Chapman to appear for the trial constituted prejudicial breach of the policy

contract and that thereafter his liability insurance was at an end. This was true unless appellant could plead and prove such defense was waived. In striking paragraph 15 the court deprived appellant of the opportunity to present the issues of waiver and estoppel to the jury. This was prejudicial error unless it may be said that as a matter of law Coverage C was a separate and divisible part of the contract and that by reason of the specific terms of the policy, payment under Coverage C did not amount to a waiver of the defense of failure of the insured to co-operate.

The insuring agreements embrace coverages from A to H inclusive. Coverages A and B relate to bodily injury liability and property damage liability. Coverage C relates to medical payments. Coverage D is entitled "Comprehensive", etc. We quote: "Coverage C—Medical Payments. To pay reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, * * * services, * * * to or for each person who sustains bodily injury, caused by accident, while in or upon * * * the automobile, provided the automobile is being used by the named insured * * *."

Under the heading "Conditions" appears the general provision: "(The conditions apply to all coverages unless otherwise noted.)" Under "Conditions" appears paragraph 3:

"Notice and Payment of Claim—Coverage C. As soon as practicable the injured person or someone on his behalf shall give to the company written notice of claim, and upon request shall make medical reports and copies of records available to the company. The injured person, when requested, shall submit to physical examination by physicians selected by the company.

"The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder. Any payment shall not constitute admission of liability of the insured or company."

Condition No. 5 is: "Action Against Company. No action shall lie against the company: (a) Unless as a condition precedent thereto there shall have been full compliance with all terms of this policy."

Condition No. 6 is: "Assistance and Cooperation of the Insured. The insured shall cooperate with the company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * * *." Number 7 takes Coverage C out of the subrogation obligation.

This case turns upon a construction of the terms and conditions of the insurance policy. From the annotation in 18 A. L. R.2d 443, we understand the general rule to be that each case of this nature must be decided upon the specific wording of the contract and upon the facts and circumstances related thereto.

Turning then to the contract, without the aid of any case specifically in point, we conclude that Coverage C is a separate and divisible contract within the policy and that there was privity of contract between the insurer and the person injured. Payment under Coverage C was not a waiver of the defense based on conditions 5 and 6.

The following cases support our position. In Severson v. Milwaukee Automobile Ins. Co., 265 Wis. 488, 493, 61 N.W.2d 872, 875, 42 A. L. R.2d 976, 980, it is stated: "Although contained in one policy, the coverages were divisible and separable, and Coverage K must be construed as a separate contract. It is limited to the payment of reasonable expenses incurred within year from the date of the accident and the policy excludes payments under Coverage K if the benefits thereunder are payable or required to be paid under any Workmen's Compensation Law. Other than that, it is an absolute agreement to assume or pay the medical payments."

In Sims v. National Casualty Co., La. App., 43 So.2d 26, 29, the court said: "It appears from the wording of the above quoted provisions of the policy that insofar as 'Coverage C— Medical Payments' features are concerned it is one of accident insurance and provides for payment of all medical expenses not to Harris, the named assured, but to or for each person, etc., who sustained bodily injury, sickness or disease caused by accident. The named assured, Harris, has nothing to do with the enforcement of plaintiff's claim under Coverage C

as shown by the above quoted provisions under the heading of 'Conditions, Paragraph 9' as they require the injured person or someone on his behalf to give the company written proof of claim * * * and the injured person shall submit to physical examination * * * and the company may pay the injured person * * *."

See 29A Am. Jur., Insurance, section 1443, page 555.

For the reasons stated the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part and OLIVER, J., not sitting.