**NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, Appellant,**

**v.**

**Alan G. SCHILANSKY, Appellee.**

**No. 2869.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 27, 1961.

Decided Dec. 29, 1961.

William T. Clague, Washington, D. C., for appellant.

George J. Goldsborough, Jr., Charles P. Hovis, Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

This was a suit under a Medical Payments clause of an automobile insurance policy.

Plaintiff claimed for medical expenses flowing from an injury sustained while operating the insured automobile with the permission of his brother, to whom the policy had been issued. The insurance company defended on the ground that certain exclusionary language in the policy barred recovery. The case was tried on stipulated facts and judgment was for plaintiff.

It was stipulated that plaintiff sustained his injuries while operating the automobile with the consent of his brother, the policyholder. It was also stipulated:

"That plaintiff was, on March 10, 1960, an employee of the Potomac Electric Power Company and was in the scope of said employment when the accident aforementioned occurred. That the employer did not require that this employee use a private vehicle in his employment. No reimbursement was made to plaintiff by reason of his furnishing an automobile; he was reimbursed only in an amount equivalent to the public transportation fare, regardless of the mode of transportation used."

and also:

"That Potomac Electric Power Company did not have express permission of the policyholder nor his agent (plaintiff herein) for the use of said vehicle."

The amount to which plaintiff would be entitled was also stipulated.

■ The clause (D) on which the action was based provides Medical Payments coverage to any person using the automobile "with permission of the Policyholder." This is one of five different and separate types of "Insuring Agreements" in the policy (the others being Comprehensive, Collision, Liability, and Comprehensive Family Liability). Each type of coverage is described in a separately titled section, and the persons covered are listed. Elsewhere in the policy there is a list of exclu-

sions which apply to some types but not to others. The insurance company contends that two other provisions of the policy, read together, operate to exclude plaintiff from coverage.

The first provision, appearing in the "Liability" section of the policy, Coverage C, reads:

"Those entitled to protection under these Coverages C(1) and C(2) [the property damage and bodily injury clauses] are * * * (c) any person or organization legally responsible for the use of the described automobile, provided the actual use was with the permission of the Policyholder. * *"

Another provision, in a later section titled "Exclusions," provides that there shall be no protection afforded to "any employee of the person entitled to protection hereunder, while engaged in the employment of such person. * * *"

The insurance company argues that Potomac Electric Power Company was legally responsible for any tort committed by the plaintiff and that the loan of the car was, by implication, to that company for the use of plaintiff, and hence that company was "the person entitled to protection," and that plaintiff as its employee falls within the exclusionary language above recited.

This contention must fail. The fact that plaintiff was at the time he sustained his injury working for Potomac Electric Power Company was, in a legal sense, mere happenstance, or as his counsel says, "extraneous." He was not required to furnish or use an automobile in his employment; nor was he compensated for such use. That he was using an automobile was a matter for his personal convenience, accomplished by permission of his brother. Such use was in no way restricted by the language of the policy here under consideration.

Does the policy, read as a whole, exclude the coverage here claimed? The policy contains five separate agreements, which are independent and non-overlapping. Sep-

arate premiums are listed for each type of coverage. The title "Insuring *Agreements*" and the sub-title *"Coverages"* lead to the conclusion, or at least suggest, that these were separate contracts grouped for the convenience of the company in one policy. In a similar case it was said:

> "The defendant could have issued separate policies or it could have embraced the three coverages in one policy, but it chose to use a form of policy containing many other coverages, indicating therein which coverages applied and which did not apply. * * Although contained in one policy, the coverages were divisible and separable, and Coverage K must be construed as a separate contract." Severson v. Milwaukee Automobile Ins. Co., 265 Wis. 488, 61 N.W.2d 872, 875, 42 A.L.R. 2d 976.

When the Medical Payments agreement is interpreted by itself it is clear and unambiguous: every person who drives with the permission of the policyholder is covered except employees of that person. The construction for which defendant contends, by taking language from a separate agreement referring to tort liability and importing it into an agreement to pay medical expenses regardless of liability, would be unrealistic and contrary to the natural meaning of the agreement. We have said, in keeping with established rules of policy construction:

> "It is the duty of the insurer to spell out in plainest terms any exclusionary or delimiting policy provisions. Having failed to do so, the words employed must be given their common meaning and all ambiguities resolved against it." Loffler v. Boston Insurance Co., D.C. Mun.App., 120 A.2d 691, 693.

Although the plaintiff received workmen's compensation benefits, both parties have agreed that the law does not bar a "double recovery." See Annot., 27 A.L.R. 2d 946; Schweigert v. Beneficial Standard Life Insurance Co., 204 Or. 294, 282 P.2d 621; see also Barbour v. State Farm Mutual Automobile Insurance Company, D.C.Mun. App., 141 A.2d 924. But defendant contends that the parties intended the policy to prevent a dual recovery in a situation like this. We find no such restrictive language in the policy.

The trial court ruled correctly in ordering judgment for plaintiff.

Affirmed.