Arline C. ROGERS, Appellant,

v.

The PHOENIX INSURANCE COMPANY, Appellee.

No. 3046.

Municipal Court of Appeals for the District of Columbia.

Argued July 30, 1962.

Decided Sept. 18, 1962.

Paul M. Rhodes, Washington, D. C., for appellant.

Stanley C. Morris, Jr., Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Re-tired), sitting by designation under Code, § 11–776(b).

MYERS, Associate Judge.

Appellant was the named insured under an automobile insurance policy issued by appellee to which was attached an "Employers' Liability and Employers' Medical Payments Endorsement" providing:

"Coverage A—*Employers' Liability*

"*to pay on behalf of the insured* all sums which the insured shall become obligated to pay because of the liability *imposed upon the insured by law* for damages * * * sustained by any residence employee of the insured while engaged in the employment of the insured and caused by accident * * * and to pay all expenses incurred by the insured * * * for such immediate medical and surgical relief to any residence employee of the insured as shall be imperative at the time of the accident.

"Coverage B—*Employers' Medical Payments*

"*to pay to or for each residence employee* of the insured who sustains bodily injury * * * caused by accident, while on the premises * * * the reasonable expense of necessary medical * * * services * * * incurred within one year from the date of accident * * *." [Emphasis supplied.]

While working for appellant, one of her employees was accidentally injured. Due to a difference of opinion as to the amount of coverage afforded by the endorsement, the insurance company refused to pay the full amount of medical expenses incurred by the injured employee. Appellant thereafter filed suit in her own name to recover these expenditures. The complaint sought judgment in favor of appellant, although her sworn answers to interrogatories disclose that, except for a minor sum, she

had neither paid nor obligated herself to pay any of the medical expenses of her employee. The trial court granted appellee's motion for summary judgment on the ground that appellant had no standing to sue *in her own name* to recover these medical expenses incurred personally by her residence employee. The only question before us is whether appellant is the proper party to bring this action.[1]

◼ A medical payments provision of the type here under consideration is generally held to constitute, in effect, separate accident insurance coverage,[2] and payments thereunder are to be made *not* to the insured but to or for any "residence employee" who has sustained bodily injury or sickness caused by accident on the insured's premises. In Sims v. Nat. Casualty Co., La. App., 43 So.2d 26, 29, the court described this particular coverage as:

"  *  *  * one of accident insurance and provides for payment of all medical expenses not to  *  *  * the named assured, but to or for each person, etc., who sustained bodily injury, sickness or disease caused by accident. The named assured  *  *  * has nothing to do with the enforcement of [the] claim [under the medical payments coverage].  *  *  * This policy not only protects [assured] against liability and property damage but it also contains a direct obligation on the part of the defendant company to each person who sustains bodily injury caused by accident  *  *  * and the medical payments coverage is not dependent upon any negligence on the part of the named

assured. The [injured person] only has the right to enforce the obligation of the insurance company under the terms of the policy for any cause of action arising under [the medical payments coverage]  *  *  *."

See also Distefano v. Delta Fire & Cas. Co., La.App., 98 So.2d 310, 312.

◼◼ Coverages A and B are divisible contracts within the insurance policy[3] and provide a "double recovery" right for medical benefits,[4] one claim belonging to the insured and the other to the residence employee, and each must prosecute her claim separately. Coverage A obligates the insurance company to pay on behalf of the insured all sums which the insured is required to pay because of liability *imposed by law* for damages arising out of accidental injuries received by the employee, and the insurer's duty to pay arises only in the event such liability is imposed. The right to enforce compliance with the terms of Coverage A belongs to the insured.[5]

◼ Coverage B, on the other hand, is a separate and additional agreement to pay to or for a residence employee medical expenses incurred as a result of accidental injuries on the insured's premises, and the obligation to pay arises without regard to the negligence of the employer or fault of the employee. Under Coverage B the employee is the sole legal beneficiary and the proper plaintiff to file suit to recover payments due under this coverage.[6] Summary judgment against appellant was therefore proper.

Affirmed.

1. Neither party seriously questions the right of the employee to bring a suit under the medical payments endorsement.

2. Johnson v. New Jersey Mfrs. Indemnity Ins. Co., 69 N.J.Super. 184, 174 A.2d 4, 8.

3. Siebert v. State Farm Mut. Ins. Co., 251 Iowa 1060, 103 N.W.2d 757.

4. We noted the right of "double recovery" in Barbour v. State Farm Mutual Automobile Ins. Co., D.C.Mun.App., 141 A.2d 924, 925. See also Severson v. Milwaukee Auto. Ins. Co., 265 Wis. 488, 61 N.W. 2d 872, 42 A.L.R.2d 976.

5. Mobilia v. Security Taxpayers Mut. Ins. Co., Sup., 90 N.Y.S.2d 895, aff'd mem., 277 App.Div. 985, 99 N.Y.S.2d 856.

6. Sims v. Nat. Casualty Co., supra.