Harry Gittleson, J.
This action was submitted to me upoh atl agfeed statement of facts.
The issue herein is whether the medical payitteht provisions of the insurance policy issued by defendant provide coverage when plaintiff was entitled to workmen’s compensation and payments were made thereunder On his bebalf for medical care and attention.
The policy provides in part Us follows:
“ Coverage C — Medical payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
*105 1 ‘ Division 1. To or for the named insured and each relative who sustains bodily injury, sickness qr disease, including death resulting therefrom, hereinafter called ‘ bodily injury ’ caused by accident, while occupying or through being struck by an automobile '
There is no express exclusion for wqrkmen’s compensation benefits in the policy except for paragraph (d) on page 2 which refers only to a person who is employed in the automobile business. Since it is conceded that plaintiff was not in the automobile business, paragraph (d) does not apply.
The defendant claims that since plaintiff did not incur any medical expenses because they were paid by his employer’s compensation carrier, he is not entitled to medical payments.
Subdivision (a) of section 13 and section f3-f of the Workmen’s Compensation Haw provide that the employer shall be liable for medical expenses and that no doctor shall collect or receive a fee from the claimant-
The word((incur ’ ’ is definedf ‘ to become liable or subject to ’ ’ in Webster’s Hew Internationa] Pfctionary, Second Edition-
In Beekman v. Van Dolsen (70 Hun 288, 294) the court held that the word (f incur ” means <( become liable for ”- It does not mean that the medical expenses have acfually been paid by the plaintiff. If the defendant had intended actual payment by plaintiff, it could have provided in the policy the words ‘ ‘ actually incurred (see United States v. St. Paul Mercury Ind. Co., 133 F. Supp. 726, 732, 733, affd. 238 F. 2d 594), or could have used other appropriate express language to that end.
Furthermore, the policy provided that medical payments would be paid for medical expenses incurred “to or for the named insured — ’’ (emphasis supplied). Therefore the fact that plaintiff did not actually pay the expenses is not relevant.
In Nationwide Mut. Ins. Co. v. Schilansky (176 A. 2d 786 [Mun. Ct. of Appeals, D. C.]) the court held the plaintiff was entitled to medical payments even though the medical expenses were paid by workmen’s compensation benefits. The facts in the Nationwide case arc similar to the case now before me because there was no express exclusion clause for workmen’s compensation benefits.
Where there is au express exclusion for workmen’s compensation benefits, it is clear that the insurer is not liable for medical payments whether said benefits have been paid or not (see Bonney v. Citizens’ Mut. Auto. Ins. Co., 333 Mich. 435; Wenthe v. Hospital Serv., 251 Iowa 765; cf. Hanson v. Zollars, 189 Kan. 699; Johnson v. United States Life Ins. Co., 69 N. J. Super. 317, affd. 74 N. J. Super. 343; see, also, State Farm Mut. Auto. Ins. *106 Co. v. Rice, 205 Tenn. 344; Slomovic v. Tennessee Hosp. Serv. Assn., 46 Tenn. App. 705; cf. Cash v. American Health Ins. Corp., 203 Va. 719).
Since in all the aforesaid cases there was an express exclusion clause for workmen’s compensation benefits, there is no adequate reason why defendant did not use an exclusion clause in its insurance policy, or otherwise use apt express language to accomplish the same purpose.
A contract of insurance should be construed according to the sense and meaning of the terms which the parties have used; and if such terms are clear and unambiguous, they should be understood in their plain, ordinary and popular sense (see Auerbach v. Maryland Cas. Co., 236 N. Y. 247, 252).
Where it is possible to adopt a construction which is favorable to the insured without doing violence to the wording of the policy, that construction will be preferred since the primary purpose of insurance is to insure or to provide for indemnity (see 13 Appleman, Insurance Law and Practice, § 7403, p. 98).
In Moeller v. Associated Hosp. Serv. of Capital Dist. (304 N. Y. 73), cited by defendant, the policy contained an express clause excluding hospital service ‘ ‘ under any Compensation Law — ” at page 74.
In Schreiber v. American Employers’ Ins. Co. (265 App. Div. 167, affd. without opn. 290 N. Y. 673), cited by defendant, since plaintiff had never claimed or been awarded compensation, that case is not applicable.
In conclusion, since there was no express exclusion clause of workmen’s compensation benefits in the policy, or other appropriate express language to the same end, the plaintiff is entitled to medical payments.
Judgment for plaintiff for $2,000, plus appropriate interest.