MARVIN RUBIN, Respondent, v. EMPIRE MUTUAL INSURANCE COMPANY, Appellant.

First Department, April 10, 1969.

*Philip Hoffer* of counsel (*Rose L. Hoffer* with him on the brief; *Philip Hoffer,* attorney), for appellant.

*Bernard H. Mazur* of counsel (*Mazur, Dontzin & Mazur,* attorneys), for respondent.

2

STEUER, J. Plaintiff is the insured under a standard automobile policy issued by defendant. A part of the coverage provided is thus expressed in the policy:

"Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ' bodily injury,' caused by accident, while occupying or through being struck by an automobile."

Plaintiff was injured in an accident while riding in an automobile owned by his employer and in the course of his employment. The employer's compensation carrier paid all medical expenses resulting from the accident. No claim was ever asserted by anyone against plaintiff for these bills nor did he ever pay any part of them. Nor was he put to any other medical expense. Plaintiff nevertheless claims that he is entitled to be reimbursed for the amount already expended by the carrier.

While this is stated to be a case of first impression, every factor in it has already had judicial interpretation, in each instance adverse to plaintiff's contentions. Medical expenses are " incurred " when the patient is liable to pay for them (*Shapira* v. *United Med. Serv.*, 15 N Y 2d 200). And if, as here, the patient never did nor could become liable to the one supplying the services, no expenses are incurred. Plaintiff's contention that the policy is ambiguous because the phrase used was not " actually incurred " is too absurd to merit discussion.

Under the accepted canon of interpreting insurance policies, " the reasonable expectation and purpose " of the ordinary person taking out the insurance (*Bird* v. *St. Paul Fire & Mar. Ins. Co.*, 224 N. Y. 47, 51), plaintiff has no claims. The object of insurance is to hold the insured harmless against the risks insured against. The policy must be construed with that in mind (1 Couch, Insurance [2d ed.], p. 782). So it has been held that under a policy providing for medical expenses recovery cannot be had when these expenses have already been paid by the tort-feasor's insurer (*Wyman* v. *Allstate Ins. Co.*, 29 A D 2d 319). Barring proof that it was the intention of the parties that the plaintiff was to receive a sum in excess of his medical expense, an interpretation that so allows attributes to the ordinary man an understanding so completely at variance with his

purpose that it would not constitute compensation but unjust enrichment.

The judgment entered December 21, 1967, should be reversed, on the law, and the complaint dismissed, with costs to appellant in all courts.

NUNEZ, J. (dissenting). Plaintiff recovered judgment in the Civil Court of the City of New York, County of New York for the sum of $2,433.50. The case was submitted to the court on an agreed statement of facts.

The question presented was: " Where the medical payments provision of the insurance policy provides that the insurer is ' to pay all reasonable expenses incurred within one year * * * to or for the named insured * * * is the insured precluded from recovering on the policy, absent an express exclusion by the fact that he is entitled to Workmen's Compensation and payments for Workmen's Compensation were made on his behalf '." The Civil Court gave a negative answer to the question and concluded: " Since there was no express exclusion clause of Workmen's Compensation benefits in the policy, or other appropriate express language to the same end, the plaintiff is entitled to medical payments." The Appellate Term unanimously affirmed the judgment. Defendant is here pursuant to leave granted by us.

The policy in its pertinent part provides as follows:

" Coverage C-Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services * * *

" Division 1. To or for the named insured * * * who sustains bodily injury * * * caused by accident, while occupying or through being struck by an automobile."

There is no express exclusion for workmen's compensation benefits in the policy except in paragraph (d) on page 2 which refers only to a person who is in the automobile business and entitled to workmen's compensation benefits. Since it is conceded that the plaintiff was not in the automobile business, paragraph (d) does not apply.

The defendant claims that since plaintiff did not incur (in the sense that he did not pay) any medical expenses because they were paid by his employer's compensation carrier, he is not entitled to medical payments.

The word " incur " is defined in Webster's New International Dictionary, second edition " to become liable or subject to ". Immediately upon being injured and receiving treatment plain-

tiff became liable for and incurred medical and hospital expenses. The Workmen's Compensation Law provides that the employer shall be liable for medical expenses and that no doctor shall collect or receive a fee from a claimant. However, his workmen's compensation claim was controvertible. He could not await the determination of his claim by his employer's compensation carrier or indeed by his employer before incurring medical and hospital obligations. His immediate concern was to receive medical treatment and not to await the determination of claims sometime thereafter.

The court below in its opinion cited *Beekman* v. *Van Dolsen* (70 Hun 288) and noted that the word "incurred" means to become liable for and does not mean that the medical expenses have actually been paid by the plaintiff. The court went on to state that had defendant intended that it would be liable only in the event of actual payment by the plaintiff it could have so provided in the policy in plain understandable words. (See, also, *United States* v. *St. Paul Mercury Ind. Co.*, 133 F. Supp. 726, 732, 733, affd. 238 F. 2d 594.)

The policy provides that the insurer is "to pay all reasonable expenses incurred within one year * * * to or *for* the named insured" (emphasis supplied). The fact that plaintiff did not actually pay the expenses is not relevant and so the lower court held in deciding in plaintiff's favor.

In *Nationwide Mut. Ins. Co.* v. *Schilansky* (Mun. Ct. of Appeals, D. C.) (176 A. 2d 786) the court held that the plaintiff was entitled to medical payments under an insurance policy even though medical expenses were paid by workmen's compensation benefits.

The court in that case, stated that (p. 788): "Although the plaintiff received workmen's compensation benefits, both parties have agreed that the law does not bar a 'double recovery'." In support the court cited the annotations at 27 ALR 2d 946 and *Schweigert* v. *Beneficial Std. Life Ins. Co.*, (204 Ore. 294). It would have been a simple matter for the defendant to have inserted a proper exclusion clause in its policy or to have used other clear language to accomplish the same purpose.

In our opinion the lower court was correct in finding that "A contract of insurance should be construed according to the sense and meaning of the terms which the parties have used; and if such terms are clear and unambiguous they should be understood in their plain, ordinary and popular sense (see *Auerbach* v. *Maryland Cas. Co.*, 236 N. Y. 247, 252)." (57 Misc 2d 104, 106.) This is but in accord with our and other courts' consistent rulings on policies of a like or similar character.

(See *Houlihan* v. *Preferred Acc. Ins. Co.*, 196 N. Y. 337; *McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419; *Lachs* v. *Fidelity & Cas. Co. of N. Y.*, 306 N. Y. 357; *Whiteside* v. *Insurance Co. of Pa.*, 274 App. Div. 36 [1st Dept., 1948].)

The rule was perhaps most simply stated in *Lachs* (*supra*, p. 364): "We all know that a contract of insurance, drawn by the insurer, must be read through the eyes of the average man on the street or the average housewife who purchases it."

Where it is possible to adopt a construction which is favorable to the insured and without doing violence to the wording of the policy, that construction will be preferred since the policy was issued and the wording chosen by the defendant and the primary purpose of insurance is to insure or to provide indemnity. (See 13 Appleman, Insurance Law & Practice, § 7403, p. 98.)

The defendant insurance company clearly knew how to and did provide for an exclusion with respect to workmen's compensation benefits given to a person employed in the automobile business. Having so limited its exclusion clause, the only reasonable and just construction which can be given the policy as written is that it did not intend to exclude other situations where medical expenses might be paid by workmen's compensation.

Although the plaintiff received workmen's compensation benefits the law does not bar a double recovery. (See *Nationwide Mut. Ins. Co.* v. *Schilansky, supra*; Ann. 27 ALR 2d 946; *Schweigert* v. *Beneficial Std. Life Ins. Co., supra*; *Barbour* v. *State Farm Mut. Auto. Ins. Co.*, 141 A. 2d 924.) "To sustain the construction of an exclusion provision in a policy * * * the insurer has the burden of establishing that the words and expressions used not only are susceptible of that construction, but that it is the only construction which can be fairly placed thereon." (*Condon* v. *National Sur. Corp.*, 22 A D 2d 305, 311.) The policy lists under the medical payments coverage five exclusions, including any person who is employed in the automobile business where benefits are payable under any workmen's compensation law. The only construction that can be fairly placed upon the policy is that if anyone who is injured and entitled to workmen's compensation benefits was to be excluded, such exclusion would be listed in the policy.

The plaintiff paid a premium for protection in the event he incurred expenses for medical services for injuries arising out of an automobile accident. This contingency has unfortunately occurred. It was mere happenstance that the insured was also entitled to workmen's compensation benefits which included

payment for medical services. The plaintiff has called upon his insurer to pay the benefits he is entitled to under the policy. The majority of the court has labeled this attempt by the plaintiff as unjust enrichment. This imputation of "unjust enrichment" eludes me. The plaintiff paid a premium for the recovery now sought. He is entitled to it, by logic and by precedent. It should not go unnoticed that the learned Trial Judge, three distinguished Appellate Term Judges and two Judges in this court have agreed with the plaintiff in the interpretation of the policy.

The judgment appealed from should be affirmed with costs.

EAGER, J. P., and MARKEWICH, J., concur with STEUER, J.; NUNEZ, J., dissents and votes to affirm in opinion, in which McGIVERN, J., concurs.

Determination entered on May 6, 1968, and the judgment of the Civil Court, New York County, are reversed, on the law, with $50 costs and disbursements to the appellant in this court, and with costs to defendant-appellant in the Civil Court and in the Appellate Term, the complaint dismissed, and the Clerk is directed to enter judgment in favor of the defendant-appellant dismissing the complaint, with costs.