BLANCHE, Judge.
This is a suit by plaintiff, Home Indemnity Company, an automobile liability insurer, seeking recovery of funeral expenses that were paid in error to the defendant, Joseph Canzoneri, its insured. The trial court dismissed Home Indemnity Company’s suit without assigning any reasons for its judgment. We reverse.
The case was tried on a stipulation of facts which discloses the following factual situation. Canzoneri’s wife and son were fatally injured in a vehicular accident when they were riding as guest passengers in a truck owned and operated by Tony Villardo, whose insurer was State Farm Mutual Insurance Company. Canzoneri collected from State Farm the sum of $1,000, the full amount of the funeral expenses of his wife and son. Subsequently, he submitted a proof of loss to his own insurer, Home Indemnity, for recovery of the same expenses under the medical payment coverage provisions of its policy. He did not inform Home Indemnity that he had already been paid for these same expenses by State Farm, and Home Indemnity was unaware of the State Farm policy and the prior payment made thereunder at the time it paid Canzoneri’s claim. After Home Indemnity learned of the foregoing prior payment by State Farm, it demanded that Can-zoneri refund the payment which it had made to him, contending that the payment was made in error. Home indemnity contends that under the provisions of its policy with defendant that its coverage was “excess,” and inasmuch as full payment of the funeral expenses had been made to him by other insurance (State Farm), its payment to him for the same expenses was not due.
The only issue before us is whether Home Indemnity’s coverage for funeral payments was excess insurance.
In our opinion, the language of the “Other Insurance” clause renders the medical payments insurance coverage, which also provides for the payment of funeral expenses, as excess insurance when the assured has other collectible insurance against such loss. That clause provides:
“Other Insurance: The insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.” (Home Indemnity’s Policy, Exhibit II)
A “non-owned automobile” is defined under the policy as follows:
“ ‘[N]on-owned automobile’ means an automobile or trailer not owned by the named insured or any relative * * * [as defined in Part 1].” (Home Indemnity’s Policy, Exhibit II)
The “Definitions” under Part 1 also' apply to Part 2, providing for “Expenses for Medical Services” which include funeral services.
Inasmuch as the joint stipulation of facts entered into by the parties reveals that the defendant’s wife and son were fatally injured while riding as guest passengers in a truck owned by Tony Villardo and because Villardo was neither a named insured nor a relative of the named insured, according to the foregoing provisions of the policy Canzoneri’s wife and son were passengers in a “non-owned automobile.” Vil-lardo was insured by State Farm under a policy which provided for medical payments coverage, including reasonable funeral expenses not to exceed $2,000 per person. This protection inured to Canzoneri’s benefit as a result of the death of his wife and son while they were passengers in the Vil-lardo vehicle. (Joint Stipulation No. 4, Exhibit I) According to the terms of the Home Indemnity policy, this was other valid insurance which he collected.
Therefore, if an assured obtains full reimbursement of medical expenses (including funeral expenses) from one medical payments insurer for injuries or death of a passenger in a “non-owned” vehicle, he is not entitled to recover for the same expenses a second time from his own medical *136 payments insurer in view of the “Other Insurance” clause, his own insurance being “excess.”
Canzoneri filed an exception of no cause and no right of action in this court on the grounds that the pleadings and stipulation filed herein do not indicate that Home Indemnity made any investigation before paying Canzoneri, nor did it inquire of him as to whether there was other medical payments insurance, citing Metropolitan Life Insurance Company v. Mundy, 167 So. 894 (La.App. 1st Cir. 1936), and Pennsylvania Casualty Company v. Brooks, 24 So.2d 262 (La.App. 1st Cir. 1945). These decisions hold that a person will not be allowed to recover on the ground that he has paid something to another by error or mistake when it appears that the mistake is entirely the result of his own negligence or carelessness. However, the foregoing rule is not applicable here. Home Indemnity paid Canzoneri on his own application after he submitted to them a proof of loss and at a time when it was unaware of the State Farm policy. We do not regard Home Indemnity’s failure to inquire of Canzoneri as to whether he had collected from some other insurer for the same expenses as negligence any more than we would regard Canzoneri as being in bad faith for attempting to collect a thing which he should have known was not due by virtue of the clear and unambiguous provisions of the “Other Insurance” clause of the policy. The exception is overruled.
On the merits, Canzoneri argues that at the time of payment (October 23, 1958) by Home Indemnity our jurisprudence allowed double recovery of medical expenses, i. e., once under the medical payments coverage and once again under the liability coverage of State Farm’s policy, citing Distefano v. Delta Fire and Casualty Company, 98 So.2d 310 (La.App. 1st Cir. 1957). In the Distefano case the plaintiff’s son was riding as a guest passenger in a vehicle insured by the defendant, Delta Fire and Casualty Company. The policy contained medical payments coverage as well as liability coverage, and the insurer paid Distefano under its medical payments coverage. Thereafter, Distefano sought to hold Delta for the same expenses under the liability clause of the policy. There the court held that the liability clause in the automobile liability policy constituted an insuring agreement entirely separate from that afforded by the medical payments clause thereof, and recovery was allowed under the liability clause for the medical expenses even though payment therefor had previously been made by Delta under the medical payments clause.
The Distefano case is not even slightly analogous to the facts in the present case. We are only concerned here with Home Indemnity’s obligation to pay for funeral expenses when those same expenses had been paid by another insurer. For the reasons noted above, we have absolved Home Indemnity from this obligation.
For the above and foregoing reasons, the judgment of the District Court is reversed, and judgment is rendered herein in favor of plaintiff, Home Indemnity Company, and against the defendant, Joseph Canzoneri, for the sum of $1,000, together with legal interest thereon from date of judicial demand until paid and for all costs of court.
Reversed and rendered.